### IN THE

## Supreme Court of the State of Georgia,

### AT MACON,

## JUNE TERM, 1862.

PRESENT—JOSEPH H. LUMPKIN, ⎫
RICHARD F. LYON, ⎬ JUDGES.
CHARLES J. JENKINS, ⎭

BRIGHAM, KELLY & COMPANY, plaintiffs in error, *vs.* R. R. SLAPPEY, defendant, and BRIGHAM, KELLY & COMPANY *vs.* CHARLES E. TAYLOR.

1. Where the cause of action against two defendants is essentially a tort, a wrong independant of a contract, it cannot be brought so as to bring one of the defendants from the county of his residence.

Plea to the jurisdiction, in Bibb Superior Court. Decided by Judge LAMAR, at June Term, 1860.

It was agreed that these cases should be heard together.

R. R. Slappey brought his action on the case, to Bibb Superior Court, against Brigham, Kelly & Company, of Chatham county, and Carhart, Brother & Company, and others, of Bibb county, as common-carriers, to recover damages for the loss of his cotton shipped on board the steamboat Charles Hartridge, (of and in which the declaration alleges the defendants were owners and partners,) to be carried from the

Buzzard Roost, on the Ocmulgee river, to the city of Savannah, and which was never delivered, being lost on the voyage, as it is alleged by the unskillful conduct of the agents of defendants, and the unsoundness of the machinery, and the unseaworthiness of the boat.

Charles E. Taylor brought to the same Court, against the same defendants, in the same character, his action of trover for the conversion by defendants of forty-seven bales of cotton, and afterwards, on motion, against the objection of counsel for defendants in error, amended his writ by adding a count in case containing allegations similar to the declarations in the first case.

It was admitted that the defendants named in the writs were joint and equal owners of the steamer Charles Hartridge; that she was employed in carrying freight on the Ocmulgee river, as charged; that defendants were joint and equal sharers of the profits and losses of said steamer, and were jointly and equally interested in the ownership of the same, but were not otherwise partners. Also that William Taylor, (who signed a bill of lading) was the captain of the boat and the agent of the owners.

To both of these actions Henry Brigham, one of the defendants, filed a plea to the jurisdiction, setting forth that at the time of suit brought he was a resident of Chatham county, and that by the Constitution of the State no civil case could be tried against him in any other county, unless the same was brought against him as a joint obligor or joint promissor with other persons.

The Court overruled the plea in the first action, and also in the trover action after the declaration had been amended by adding the count in case, and defendant tendered his bill of exceptions assigning as error, 1. The ruling of the Court rejecting the plea; and 2. In permitting the trover case to be amended by adding the count in case.

LLOYD, E. A. NISBET, for plaintiffs in error.

B. HILL, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

According to the views which I entertain of the Act of 1853–54 as to the right of amendment, I shall discuss the broad proposition. Could the actions in these cases have been brought in any form which would have enabled the plaintiffs to have called the defendants together in the county of the residence of either of them? The cause of action is for a tort, and not the breach of a contract. It is for a wrong independent of a contract. And did the Constitution, until amended in 1861, intend that in such a case, the defendants residing in different counties should be sued together? Were the words "co-obligors" and "joint promissors" ever understood by the profession to apply to tort feasers? And this is in reality such a case. The cause of action is the nonfeasance, misfeasance, or malfeasance of the defendants, as joint owners of the steamboat Charles Hartridge. While, therefore, we heartily approve of the provision of the new Constitution which extends the provision of the old Constitution to torts as well as contracts, yet we are constrained to hold, that in the present suit each defendant was entitled to be sued in the county of his residence.

Accordingly, we reverse the judgment of the Circuit Court overruling the plea to the jurisdiction of the Court in Bibb county, by Henry Brigham, a citizen of Chatham county.

Let the judgment be reversed.