## WILSON v. AULD.

1. Where a judgment is obtained against one as the executor of an estate after the resignation of the trust, the judgment has no effect upon a succeeding administrator, and therefore an execution may lawfully issue to the sheriff, although he is the succeeding representative of the same estate.

Writ of Error to the County Court of Mobile.

MOTION by Auld to quash a writ of *fi. fa.* issued against him as the executor of one Viner, at the suit of Wilson.  The writ issued on the 15th April, 1842, and commanded the sheriff to make a sum therein specified, out of the goods of Viner, in the hands of Auld to be administered.  The reason assigned to quash it is, that the writ improperly issued to the sheriff.

At the hearing of the motion, it was shown that Wilson recovered judgment against Auld, as the executor of Viner, for one thousand seven hundred and nine dollars and eleven cents, at the February term of the County Court.  The judgment is entered to be levied *de bonis testatoris.*  The *fi. fa.* was delivered to the sheriff of Mobile county, that office then being filled by George Huggins, who on the 10th June of the same year, returned the *fi. fa.* "no property."

From the record of the original suit, it appears the defendant pleaded *puis darrein continuance,* that he had resigned his office

as executor; and paid over the assets of the estate then in his hands, to his successor, George Huggins, administrator *de bonis non*, and the judgment is entered upon a verdict of a jury. Afterwards, a motion was submitted to correct this entry, so as to show that the 'plea above stated, was overruled on demurrer, and was not submitted to the jury. This motion seems to have been overruled for some cause, independent of the affidavits, inasmuch as they establish the fact assumed by the motion. After the return of the *fi. fa.*, the subject of this motion, another was issued, executed to the coroner, though directed generally, to any sheriff, upon which one hundred and twenty-one dollars was returned as made.

It was also shewn that Auld resigned the office of executor on the 8th December, 1841. On the 17th of the same month, the sheriff, George Huggins, was appointed administrator, *de bonis non* of the same estate. Auld made a final settlement with the County Court, on the 10th January, 1842, when that Court made an order for him to pay over the balance ascertained to be in his hands, to Huggins, his successor, and also to turn over such assets as remained in specie. Auld produced the receipt of Huggins, dated the 13th January, 1842, showing the payment of the sum ascertained to be due, and the delivery to him of the assets of the estate. Huggins continued as administrator *de bonis non*, from the time of his appointment, until the hearing of the motion. On this state of facts, the Court quashed the execution, on the ground that it was improperly issued against Auld, he having resigned previous to the rendition of the judgment, and also, because Huggins was the administrator *de bonis non*, when the *fi. fa.* was issued and returned.

This is now assigned as error.

J. A. CAMPBELL, for the plaintiff in error, insisted,

1. That the execution was properly issued, the record containing no evidence of any change in the parties, or the resignation of Auld. The matter of the motion was attempted by plea, but was pronounced insufficient. [6 Bacon's Ab. 165, S. M. Dalton, Sh'ff, 96.]

2. The sheriff, Huggins, had no interest in the execution, and his predecessor's conduct was not a subject of inquiry for him, Chamberlain v. Bates, 2 Porter, 550.]

3. If the defendant wished to change the direction of the writ, he should have suggested the change of parties on the roll. [Dalton, Sh'ff, 97.]

4. The motion is made three years after the return, and the Court will not quash it for the reason of delay. [1 Metc. 514; Sewell on Shff. 88; 3 S. & P. 345; 9 Porter, 275; 5 Stew. & P. 402.]

K. B. Sewell, contra, contended,

1. That whenever a sheriff is incompetent to act as such in a particular case, an execution issued to him is irregular, and will be set aside on motion, [Clay's Dig. 159, § 2; Pope v. Stout, 1 Stew. 375; Bing. on Ex. 222; Williams v. Gregg, 7 Taunt. 233.] And the matter from which the incompetency arises, may be shown by the record or by affidavit. [Wistor v. Carlton, 1 Black. Rep. 506.]

2. Huggins was incompetent to act as sheriff in this case.

1. Because he was the sole representative of the estate. Auld by his resignation, ceased to represent the estate, as completely, as if he had been removed. [Clay's Dig. 222, § 9; Elliott v. Eslava, 3 Ala. Rep. 570; Harbin v. Levi, 6 Ib. 403; Taylor v. Savage, 1 Howard, 286.]

2. Huggins was a privy in estate, and a privy in estate is a privy in interest. [Dale v. Roosevelt, 8 Cowen, 339; King v. Griffin, 6 Ala. Rep. 387; Greenl. on Ev. 221.]

3. Huggins was entitled to all the assets and effects of the estate not duly administered or applied. [Clay's Dig. 222, § 9; Harbin v. Levi, 6 Ala. Rep. 403; Turner v. Davies, 2 Saund. 155; King v. Griffin, 6 Ala. Rep. 387; Jewett v. Jewett, 5 Mass. Rep. 275.]

4. Huggins, in truth, was a party to the record, as appears by the plea, and is conceded to be so, by issuing the alias execution to the coroner.

5. It was unnecessary for Auld to plead his resignation. He was discharged by operation of law, of which the plaintiff had notice, through the proceedings in the Orphans' Court. [King v. Griffin, 6 Ala. Rep. 357; Greenl. on Ev. 586, § 550.] It was incumbent on the plaintiff, if he wished to prosecute his suit, to suggest the resignation of Auld. [Clay's Dig. 227.] And if Huggins, the successor in representation, was not made a party in the

case after the resignation of Auld, then all subsequent proceedings are wholly void.   [Taylor v. Savage, 1 Howard, 286.]

3. It is not the policy of our laws to make a personal representative liable, except for actual waste. [Ewing v. Peters, 3 Term, 656; Jewett v. Jewett, 5 Mass. 275; 2 Kent's Com. 418.]

4. The motion to set aside process, is limited in time only by the sound discretion of the Court.  This seems to be the only rule deducible from the cases..  [9 Porter, 279; 5 S. & P. 402; 3 John. 523; 13 John. 537; 1 Cowen, 711; 7 John. 556; 4 Wend. 217; Hubbert v. McCollum, 6 Ala. Rep. 224.]

GOLDTHWAITE, J.—This case involves, to some extent, the consideration of the same principle, decided in the case of Skinner v. Frierson, *supra*.   It is evident, if no privity exists between the sheriff, who was the administrator succeeding Auld, and Auld himself, in the execution sought to be quashed, then there is no reason why this officer, as well as any other, may not perform the necessary duties.  As observed, in the case cited, after the resignation of Auld, he ceased in law, as well as in fact, to represent the estate, and the plaintiff's only object in pursuing the suit further against him, was to make him or his sureties personally responsible.  This could be done through the medium of a return of no property.  We fully concede the proposition insisted on by the defendant, that the judgment obtained against him is of no force against a succeeding representative, if obtained at a time when he had ceased to represent the estate.  To this effect is Taylor v. Savage, [2 Howard, 282,] and the same principle is admitted in Elliott v. Eslava.  [3 Ala. Rep. 570.]

In this view it is apparent the sheriff is in no privity with Auld, so far as his duties are connected with the execution sought to be quashed.

Judgment quashing the execution reversed.