No. 8.—George J. Oglesby, plaintiff in error, *vs.* Wm. W. Gilmore, *et al.* defendants.

[1.] At Common Law, an administratoi *de bonis non*, is entitled only to the goods and effects which remain unadministered, in specie, and to the debts due to the intestate, unpaid.

[2.] A sale of negroes under an order of the Court of Ordinary, is an administration as to them, which will charge the administrator and his sureties, and vests the note taken for such sale in the administrator.

[3.] If such note so taken, be made payable to the administrator as such, it is only a description of the person; he may sue upon it in his own name, and if he sue on it as administrator, that is only a *descriptio personæ*, and may be rejected as surplusage.

[4.] A judgment recovered by an administrator, is a debt due to him in his personal character, upon which suit may be brought in his own name.

[5.] Under the Act of 1845, an administrator *de bonis non*, may call his removed predecessor, or his representatives, if he be dead, to account touching the entire administration of the estate, and the removed administrator is liable to him, as at Common Law he was liable to creditors and distributees.

[6.] Where a fund is in the hands of the Court, raised upon a judgment in favor of a removed administrator, upon which he sets up a claim on account of advances, the Court cannot, on motion, direct it to be paid to the administrator *de bonis non*, but he must file his bill, that proper issues may be formed, and a decree be had, covering the rights of all parties interested in it.

In Equity, in Lee Superior Court, before Judge Warren, May Term, 1848.

The facts are fully embodied in the opinion of the Court.

Hines & Hines, Vason, Holt, and Crawford & Dudley, for plaintiff in error.

Oglesby *vs.* Gilmore and others.

SULLIVAN & BROWN, for defendants, cited :

4 *Mass.* 611.   *Toller*, 448.   1 *Term*, 487.   3 *East*, 104.   1 *E. C. L. R.* 446.   1 *Ala.* 206.   2 *Porter*, 550.   2 *Wms. Ex'rs*, 117. 1 *Salk.* 316, 323.   5 *East*, 150.   1 *Kelly*, 78.

*By the Court.*—NISBET, J. delivering the opinion.

The facts of the case are as follows : Oglesby, the defendant, was administrator upon the estate of a man by the. name of Johnson.   Under an order of the Court of Ordinary, he sold certain negroes, and the complainant, Mrs. Johnson, who was the wife of the intestate, and one of his distributees, became the purchaser, giving her note, payable to Oglesby as administrator, for the purchase money, with the other two complainants, John S. Johnson, and William W. Gilmore, her sureties.   When the note fell due, suit was brought upon it in the name of the defendant, as administrator, and carried to a judgment; execution issued on the judgment, and the negroes of the complainant, Mrs. Johnson, were levied upon and advertised to be sold.   Whereupon these complainants, to-wit, Mrs. Johnson, John S. Johnson, and Wm. W. Gilmore, the defendants to the judgment, and who are all also distributees of the estate of Oglesby, intestate, bring this bill, and pray an injunction against the farther progress of the judgment and *fi. fa.* charging that effects, over and above said judgment, have come to the hands of the administrator, sufficient to pay all the debts, and with that, to leave a balance for distribution large enough to make the shares of the complainants therein equal to the amount of the judgment, which shares they offer in payment of it, and ask to be so allowed by a decree.   They also charge Oglesby with a devis- *a* tavit, and pray that he may account.   Oglesby answered the bill, and denying fully the charges therein, sets up a demand in his own right, for advances made for the benefit of the estate, and claiming that the whole assets are not more than sufficient to pay the debts, his own included.   Whereupon the injunction was dissolved.   Pending the bill, and before a hearing, Oglesby was dismissed from the administration, by judgment of the Superior Court, upon appeal from the Court of Ordinary, and William W. Gilmore appoined administrator *de bonis non.*   The bill being

amended to this effect, the Chancellor appointed a receiver to take charge of said judgment, and proceed with its collection. He collected the money, and it being in his hands, Oglesby moved the Court that *it be paid to him,* which motion was resisted by the administrator *de bonis non,* who, by counsel, appeared in Court, and claimed that the money raised upon the judgment, was effects unadministered by his predecessor Oglesby, and of right passed to him. as the now sole and legal representative of the estate. The Court ordered the money to be paid to the administrator *de bonis non,* and upon that order Oglesby predicates error.

The Circuit Judge held, that inasmuch as the original note, out of which this fund grew, was made payable to Oglesby *as administrator,* and suit was brought upon it in his name *as administrator,* it was identified as the property of the estate, and being administered, passed to the administrator *de bonis non.* Against this view, it is contended by the plaintiff in error, that the sale of the negroes, by order of the Court, for which the note was given, was an administration of those negroes, and that Oglesby and his security became liable for the amount of the sale, and the note and the money collected thereon was individual property. The plaintiff in error contends, farther, that if by law the admininistrator *de bonis non* is entitled to this money, yet he, as such, was no party to the cause pending, and that it was not competent for the Court, upon motion, merely to direct it to be paid to him.

[1.] At Common Law, we think the Court was in error. The property, (the negroes) was fully administered by a legal sale ; the administrator and his sureties became liable for the amount of that sale, and the note thereby became his, in his own right. Nothing at Common Law passes to the administrator *de bonis non,* but the goods and personal estate remaining unadministered in specie, and susceptible of identification, and all the debts due and owing to the testator or intestate. So far as the estate has been administered, by the first administrator, the second is concluded. 1 *Kelly,* 80. 1 *Williams' Ex.* 656, 7. 1 *Salk.* 306. *Bac. Ab. title Exr's, B.* 2. 1 *Gill & Johns.* 270. 5 *Randolph,* 51. *Freem.* 462. 2 *Lev.* 10. 1 *Ventr.* 275. 2 *Leigh,* 512, 525. 9 *Leigh,* 580. 3 *Kelly,* 261.

[2.] In *Thomas vs. Hendrick,* this Court has determined, that " when lands or negroes are sold by an order of the Court of Or

dinary, or perishable property by the act of the party himself, they are administered, so far as the successor is concerned." So, upon the authority of this Court, it is settled that the sale of the negroes, in this case, by Oglesby, the first administrator, was an administration as to them—it was a change or alteration of the property, and therefore, the administrator *de bonis non*, can neither recover that property in specie, from the purchaser, nor can he go upon the previous administrator for its proceeds. If the sale of the negroes was an administration as to them, the administrator and his securities became bound for the amount of the sale, to the creditors and distributees, and what he got for them in money and notes, belongs to him individually.

If, indeed, there is fraudulent collusion between the administrator and the purchaser in the sale, the administrator *de bonis non*, might then pursue the property. Even legal acts, done in course of administration by an executor *de son tort*, binds the rightful executor and alters the property. *Parker vs. Kett*, 1 *Ld. Raymond*, 661. *S. C.* 12 *Mod.* 471. *Coulter's case*, 5 *Co.* 306. *Plowd.* 282. 1 *Williams, Exr's*, 158, 9. The same is said to be true of an administrator's acts, under a grant of administration void, by reason of there being a will and rightful executor. In *Boyd vs. Sloan*, through *Ch. Harper*, the Court of Appeals of South Carolina, say, " The executor or the administrator is the legal owner of the goods of his testator or intestate, and if he sell them on a credit, it is his personal demand, and he is liable to creditors or distributees." 2 *Bailey's R.* 311. In all such cases there is no contract with the intestate, he being dead; the promise is to the executor or administrator. In *Beassington vs. Ault*, three executors out of four, named in a will, ordered the sale of goods belonging to their testator, and afterwards sued for the amount, without styling themselves executors, and without joining the fourth executor, and it was held that they might recover. The Court saying, " The case referred to is distinguishable from the present. In that case the plaintiffs declared as executors, and when they do that, all must join. But that expression was referable to the form of the action, which was an action expressly by executors. In such a case, it is clear that all must join, because they derive *their interest under the will, and not under the probate*, and the right to sue is equal in all. But when the management is left to three, and those three enter *into a con-*

tract, they may sue alone, without styling themselves executors. It is not material how they came by the property, but how they have disposed of it. If they alone made the contract, they alone ought to sue—that is the short ground on which I proceed." 2 *Bing*. 177. By that case, it is demonstrated, that in cases of a sale by executors, the interest in the contract is theirs personally. In such a case, it is well settled that the defendant cannot plead as a set off, a debt due by the testator to him. *Chitty on Contracts*, 849. In *Mowry vs. Adams*, determined by the Supreme Court of Massachusetts, *Parker, Ch. J.* says: "Now it is settled, that when a contract is made with an executor or administrator, personalty, after the death of the testator or intestate, or when money is received by the person sued, after the death, in such cases, the executor or administrator, may sue either in his own name, or as executor or administrator." 14 *Mass*. 327, 8, 9. It is clear that they could not sue in their own names, unless the legal interest in the contract is in them.

[3.] When the plaintiff's cause of action is in his own right, he need not name himself as executor or administrator, or make profert of his letters, and if he so names himself, when it is improper, it will be mere surplusage, and if he sue as executor or administrator, when he may declare in his own right, he shall not have his costs. 4 *Phil. Evid.* 359. *Com. Dig. Pleader*, 2 *D*. 1. *Hinsey vs. Dimmock, Ventris*, 119. *Wallis vs. Lewis*, 2 *Ld. Ray*. 1215. *Grimstead vs. Shirly*, 2 *Taunt*. 116.

As to the general doctrine, that when money due, on a contract with an executor or administrator, will be assets; he may declare for it in his representative or individual character. See 1 *Chitty Plead*. 6 *edit*. 20, 21. 2 *Lev*. 165. 6 *East*, 405. 1 *Taunt*. 322. 3 *B. & Ald*. 101. 2 *Marsh*, 147. 6 *Taunt*. 456. *S. C.* 3 *Bing. N. C.* 10. 3 *Scott*, 329, *S. C. Chitty on Contracts*, 274.

[4.] If it were not true, (and we think there is no doubt of its truth,) that the sale of these negroes was an administration as to them, which charged the administrator and his sureties, and vested the property in the note in him; yet, there can be no doubt but that sueing upon it and reducing the debt to a judgment, did make it the individual property of the administrator, and if so, the money collected on it was not wrongfully ordered to be paid to the administrator *de bonis non*. The Court below went upon the

ground that the note and the judgment were identified as the property of the estate, the former by being made payable to the administrator, as such, and the latter because it is founded on a suit brought by the administrator in his representative character. If, however, the sale and change of property, or the judgment, did in law, vest the property in the administrator, those circumstances amount to nothing. The administrator might have sued on the note in his own name—electing to sue as administrator, does not alter the legal principle. The naming himself as administrator in the note and in the action, is merely matter of description. We say, that when the judgment was had, notwithstanding it was in favor of the administrator, as such, the judgment was his individually—he was entitled to its proceeds, and he could sue and recover upon it, in his own name, in a foreign jurisdiction. This is well settled. In *Bonafous vs. Walker*, it was held that an administratrix, on a judgment obtained by her as *administratrix*, could maintain an action in her own name, against the marshal, for an escape of the defendant, who was in execution under that judgment. The Court said : " The instant the plaintiff recovered a judgment against *Rybot*, it became a debt *due to her* on record, and was assets in her hands, and it was not necessary to declare as administratrix." 2 *T. R.* 128. Also, *Crawford vs. Whitall, Douglass*, 4, *n*, 1.

In the case of *Boyd vs. Sloan*, 2 *Bailey*, 312, already referred to, *Ch. Harper says* : " If he (the administrator) take a note or obligation, he must sue in his own right, and if he should name himself executor or administrator, though this might not vitiate it, it would be because they would be regarded *as words of description and surplusage.*

In the case of *Talmage vs. Chapel*, and others, the suit was brought by the plaintiff as administrator in the State of Massachusetts, upon a judgment recovered by him as administrator in the State of New York. It was objected that the suit could not be maintained in Massachusetts, for the want of privity between the administrator, under the laws of New York, and the administrator in Massachusetts ; in reply to which position the Court say, " the case of *Goodwin vs. Jones*, cited by counsel, does not apply. The action there, was for money due the intestate on a contract made with him ; here the action is on a judgment already recovered by the plaintiff, and it might have been brought

by him in his own name, and not as administrator. *For the debt was due to him, he being answerable for it to the estate of the intestate,* and it ought to be considered as so brought, *his style of administrator being merely descriptive,* and not being essential to his right of recovery. 16 *Mass.* 71, 73.

This question is also discussed and decided, in *Biddle vs. Wilkins,* by the Supreme Court of the United States. It came up there in precisely the form in which it was presented in the case last quoted from Massachusetts. Mr. *Justice Thompson* reviews the authorities somewhat at large, and after adverting to other points in the case, proceeds as follows : " He (the administrator) was not bound to make profert of his letters of administration. This was so decided in the case of *Crawford vs. Whitall.* It was an action of *indebitatus assumpsit,* upon a judgment recovered by the plaintiff, as administrator, against the defendant, in the Mayor's Court of Calcutta. And the declaration alleged that the defendant was indebted to the plaintiff as administrator, in the sum therein mentioned, which had been adjudged to him as administrator, &c. The defendant pleaded specially ; and showed for cause, that there was no profert of letters of administration. But the Court said this was unnecessary, because, in this action, (on the judgment,) the plaintiff had no occasion to describe himself as administrator. That it is not necessary, in cases like the present, for the plaintiff to name himself as administrator, follows, as a matter of course, from his not being bound to make profert of his letters ; and that when he does so name himself, it may be rejected as surplusage, is well settled by numerous authorities." The Judge then quotes and comments upon the case of *Bonafous vs. Walker,* the case of *Talmage vs. Chapel* and others ; a case in *Hob.* 301, *and in Lord Raymond,* 1215. He affirms the doctrine held in the case of *Talmage vs. Chapel* and others, which I have before specially stated, and overrules the plea. 1 *Peters R.* 691, 2.

So, according to Common Law principles, our judgment is that the administrator *de bonis non,* was not entitled to this money, and that the Court erred in awarding it to him.

[5.] This cause, however, is controlled by our Act of 1845. That Act gives to an administrator *de bonis non,* authority plenary, to call upon his predecessor, or his representatives if he be dead, for a settlement of the entire estate ; it repeals the Common

Law, as to all the restrictions which it imposes upon him. It subjects the first administrator and his estate, to liability to account to and with the administrator *de bonis non*, touching his entire administration. Under this act, the liability of the removed administrator to his successor, is co-extensive with what his liability to creditors and distributees was at Common Law.

[6.] The policy of this Act is questionable, but such ist he Act. Now as the Act of 1845 applies to this case, there can be no doubt but that Oglesby may be called to account touching this sum of money, by the *administrator de bonis non*. But he must have his day in Court. It was not competent for the Chancellor, even under the Act of 1845, to transfer this money to the administrator *de bonis non*, by motion. The removed administrator is entitled to be heard touching his management of the estate. He is liable to be called to account, but it must be regularly done. The administrator *de bonis non*, is not a party to this suit. He, a stranger to this record, cannot be regularly heard, until he comes regularly before the Court. Particularly, since the removed administrator, in his answer, sets up a claim upon this fund as a creditor, for advances made by him. As to that, he is still entitled to be heard. This bill, filed by distributees, charges a devistavit upon the removed administrator; not only so, but asks a decree for their distributive shares. The estate upon this record is now wholly unrepresented. Who shall protect the rights of creditors and other distributees? All these considerations make it necessary that this fund be held up, that the administrator *de bonis non* be made a party, that the parties litigate their respective rights, and a decree be had covering them all. We, therefore, send this cause back, that these ends may be accomplished, and direct that the administrator *de bonis non*, interplead within a reasonable length of time, and if he fails to do so, within that time, that the money in the hands of the receiver be paid over to Oglesby, the removed administrator.