JAMES P. BOWERS *et al.*, plaintiffs in error, *vs.* ROBERT J. GRIMES, administrator, *et al.*, defendants in error.

(WARNER, Chief Justice, was prevented by providential cause from presiding in this case.)

While an administrator *de bonis non* has power to call upon the representatives of his deceased predecessor to account with him, the heirs-at-law and creditors have also the same right upon a proper case made, but if the administrator *de bonis non* fails so to do, the heirs and creditors of the first intestate cannot sue the administrator *de bonis non* for this failure, unless they show that he knew of the *devastavit*, and was guilty of some special neglect, not equally chargeable upon themselves.

Administrator *de bonis non*. *Devastavit*. Before Judge HARRELL. Stewart Superior Court. October Term, 1871.

James P. Bowers and the other heirs and distributees of Needham Johnson, deceased, filed their bill against Robert J. Grimes, as administrator *de bonis non* of said Johnson and his securities, and charged that one John Grimes was appointed administrator upon said estate; that said John Grimes died solvent, and having said estate in his hands; that Robert J. Grimes was appointed administrator *de bonis non*; that said Robert J. had failed to collect said estate; prayer that he might be required to account. Robert J. Grimes answered said bill, admitting the facts alleged, setting forth the amount of said estate, but denying that he had ever received any part thereof. The case rested upon the bill and answer. Defendants moved the Court to non-suit complainants upon the following grounds, to-wit:

Bowers *et al. vs* Grimes.

1st. Because the proof failed to show that the defendant, Robert J. Grimes, as administrator *de bonis non*, had received the estate of Needham Johnson, deceased, into his hands.

2d. Because an administrator *de bonis non* could not call to account the representatives of the deceased administrator, and is not liable to the complainants for his failure to do so.

The Court sustained the motion and dismissed the bill, whereupon complainants excepted and assign said ruling as error.

HERBERT FIELDER, for plaintiffs in error.

E. H. BEALL ; J. S. WIMBERLY, for defendants.

McCAY, Judge.

By the common law an administrator *de bonis non* could only call the previous administrator or executor or their heirs to turn over all unadministered assets: 1 Kelly, 81. But our Act of 1845, Cobb, 335, *authorized* the administrator *de bonis non* to call the previous administrator to account. This Act did not, however, require him to account. This Court, in Shorter *et al. vs.* Hargroves, 11 Georgia, 659, decided that this right in the administrator *de bonis non* was not exclusive, but that the persons interested in the estate might sue the estate of the former administrator directly. The Code does not seem to contain any express authority to the administrator *de bonis non* to compel an account. It is, however, implied by the language of several sections: See sections 2473, 2474, 2475, 2476. We think, therefore, the Act of 1845 is not inconsistent with the Code and is still of force. Section 2476 of the Code authorizes the heirs and creditors to sue the removed administrator, and there is nothing in the Code to alter the old law as to this right against the representatives of a deceased administrator. Without doubt, this right existed at common law, indeed nobody else had it, since the administrator *de bonis non* had no such right. It results

that our law now is as it was before the Code on this subject. The creditors and the heirs may, as they always might, call on the previous administrator or his representatives for an account and settlement. The administrator *de bonis non may* also do it. But we do not think it follows as a matter of course that he must do it. When there is anything in the nature of the estate, or the character of the parties, which specially casts this duty on the administrator *de bonis non*, he is liable for this neglect. But it must be a case of *neglect*. Certainly, it must appear that he knew of the *devastavit*, and that he was guilty of some positive neglect—some negligence not equally chargeable on the creditors themselves or upon the heirs or their guardians. Each case must stand on its own facts.

Judgment affirmed.