## COLLIER, assignee, *vs.* BARNES.

1. Though a note be payable to an assignee in bankruptcy, or bearer, and though sued in his representative capacity, yet the courts of the state have jurisdiction thereof. Any person in possession could have maintained such suit, and the formal language describing the representative capacity of plaintiff may be treated as surplusage.
2. Even if the above principle be incorrect, yet the plaintiff was proceeding by authority of an order of the United States court passed under the act of congress of June 22, 1874, and had so alleged in an amendment to his declaration.

Bankrupt. Jurisdiction. Before Judge SIMMONS. Crawford Superior Court. March Term, 1879.

Reported in the opinion.

HALL & SON, for plaintiff in error.

W. C. WINSLOW, by brief, for defendant.

CRAWFORD, Justice.

The plaintiff in error, who was the plaintiff in the court below, brought suit against Aden H. Barnes for the recovery of two promissory notes payable to himself for the sum of $102.00 each, of which the following is a copy of the first :

"$102.00. By the first day of July next I promise to pay W. E. Collier, as assignee of B. B. Barnes, bankrupt, or bearer, one hundred and two dollars for value received, with interest from date at seven per cent. per annum. Fort Valley, Ga., February 10, 1875.
(Signed) ADEN H. BARNES."

The second note only differs in the time of its maturity; otherwise it is the same. Suit began against the defendant to the March term, 1876, and, after lingering upon the dockets until the March term, 1879, it came up for trial, when counsel for defendant moved to dismiss it upon the ground that the superior court had no jurisdiction to try it, as exclusive jurisdiction in such cases had been given to the

courts of the United States. The court dismissed the suit after argument had thereon, and the plaintiff excepted.

1. The only question, therefore, presented for our consideration is, whether, under the facts stated, the superior court of Crawford county had jurisdiction over the subject matter of this suit?

We think that it did, and to have dismissed it for that reason was error. It will be observed that this case does not fall within the ruling in *Dodd vs. Hammond*, 59 *Ga.*, 403, for that was a suit by the assignee to recover property from an adverse claimant, and of which he had never had possession. He was proceeding in that case to collect, as he claimed, the assets to carry them in the bankrupt court for distribution, and under the law of the United States, which may be seen in §711 of the Revised Statutes, "exclusive jurisdiction vests in courts of the United States of all matters and proceedings in bankruptcy."

Can such a suit as this be considered, in any legal sense, a matter or a proceeding *in bankruptcy?* These were notes given to the plaintiff in error, payable to him or to bearer; they could have been sued by him, or by any one else who held the legal title, and a recovery had in the state courts. But it may be said that they were made payable to him as the assignee, and for that reason they were alone suable in the courts of the United States. We hold that those words did not change the character of the contract any more than a note payable to an administrator, as such, would force him to sue as such administrator before he could recover.

"If a note is taken payable to an administrator as such, it is only a description of the person; he may sue upon it in his own name, and if he sue on it as administrator, that is only a description personal, and may be rejected as surplusage. A judgment recovered by an administrator is a debt due to him in his personal character, upon which suit may be brought in his own name." 5 *Ga.*, 56.

2. Even if this should be insufficient authority to have entitled the plaintiff to maintain his suit in the superior

court, then under an act of congress of June 22, 1874, he was authorized to ask an order of the court having charge of the estate of the bankrupt to grant him leave to sue for and recover any of the legal assets or debts of the bankrupt, as contra-distinguished from equitable demands, when such debt does not exceed the sum of $500.00, in the courts of the state where such bankrupt resides, having jurisdiction of claims of such nature and amount.

If, therefore, it should be claimed that this note was a part of the assets of the bankrupt, still the plaintiff had before the court at the time of the dismissal of his action such an order from the district court of the United States, and his declaration had been amended, setting forth this order for two or more terms without any objection, by demurrer or otherwise, having been made thereto. We think, therefore, that the ruling of the court was error, and that the judgment should be reversed.

Judgment reversed.