WEDDINGTON, administrator, vs. HUEY.

1. Where suit was brought against Weddington, Sr., as executor, and after suit and before trial he was discharged as executor, and Weddington, Jr., was appointed administrator *de bonis non*,

etc., in his stead, and, these facts not being known to plaintiff or his counsel but known to defendant and his counsel, the case proceeded to a verdict against Weddington, Sr., with no intimation on the trial of this change in the administration, though Weddington, Jr., was present during at least part of the trial, and had some connection therewith, it was error, after verdict, for the judge, by a summary rule and on affidavits submitted to him, to make Weddington, Jr., a party to the cause as of a date anterior to the verdict.

2. The verdict as against Weddington, Sr., was good, and a judgment could have been entered up against him which would bind him notwithstanding his discharge, there having been no suggestion or plea made by him setting up his discharge.

3. On a subsequent suit against Weddington, Jr., as administrator, for an account and settlement of the matters of the estate in his hands, it may be that he would be bound by this verdict and estopped from denying indebtedness of the estate to plaintiff, he having been present in court assisting in the defence.

4. It seems that this was a proper case for punishment of counsel for contempt of court.

April 27, 1888.

Administrators and executors. Parties. Practice. Conduct of counsel. Before Judge RICHARD H. CLARK. Douglas superior court. July adjourned term, 1887.

On a suit brought against A. G. Weddington, Sr., as executor of F. M. Stewart, deceased, a verdict was obtained for the plaintiff. After this, the plaintiff brought a rule against A. G. Weddington, Jr., as administrator *de bonis non cum testamento annexo* of Stewart, calling on him to show cause why he should not be made a party instead of Weddington, Sr., as of a date prior to the verdict, and why judgment should not be entered against him as such administrator. The case was heard on the rule, answer and affidavits submitted by the parties before the judge without a jury; and the following facts appeared:

After the suit was brought and before verdict, Weddington, Sr., had resigned his trust. None of defendant's counsel in this suit had been employed to attend to it by respondent. One of them knew of the change in admin-

istration before the cause was tried, and had been em-
ployed by respondent to represent him generally in the
administration, without reference to this particular case,
Another of defendant's counsel may have heard, during
the progress of the case, of this change in administration,
but his attention was not called to it during the trial.
Plaintiff's counsel both thought respondent was the origi-
nal party defendant.  The plaintiff himself knew that
Weddington, Sr.. was the original party defendant, but
did not know of the change in administration, and no men-
tion of the fact was made during the trial.

Both Weddington, Sr., and respondent were in court
during the progress of the case, and the latter was called
on by one of defendant's counsel to assist in striking a
jury, and remained at least during a portion of the trial.
In this trial certain pleas were insisted on, which came
then for the first time to the knowledge of plaintiff's coun-
sel, but which defendant's counsel insisted had been
handed to the clerk some time previously, and before the
discharge of Weddington, Sr., together with a demurrer,
which was heard and disposed of before the trial. Neither
the pleas nor the demurrer had been marked filed; the
former were drawn from the pocket of one of defendant's
counsel during the trial, and on its being insisted that they
had not been filed, he stated that they had been put into
the clerk's hands before, and that he would file them now.
They were not sent up with the record.

As to the actual participation of respondent in the trial,
there is some conflict.  By the affidavits read for the
plaintiff, it appeared that respondent was present during
the whole trial, advising with and assisting defendant's
counsel; that when the case was called and plaintiff an-
nounced ready, defendant's counsel did not announce until
after consultation with respondent; and that he had been
active both in this and in other litigation concerning the
estate.  By respondent's affidavits, it was shown that he
was present during only part of the trial; that the interest

he took in it was because of his relationship to the parties; that one of defendant's counsel had advised with him about the case before the trial, just as he did with other relatives and parties interested in the defence; that he was asked to assist in striking the jury, but did not remember having rendered any actual assistance in that regard; and that he had a good defence of *plene administravit præter*, which he did not file, not knowing that he was called on to do so in that case. Defendant and respondent were father and son. The latter was known as Sandy Weddington. When the jury was being formed, jurors were called on to state whether they were related to the defendant, and one of plaintiff's counsel asked if any were related to Sandy Weddington, and several were disqualified on this account, without objection on part of defendant or his counsel. Respondent insists that the inquiry was as to the relationship to A. G. Weddington, and the name would apply equally to both Weddingtons.

The court ordered that respondent, as administrator, be made a party defendant as of date anterior to the verdict, and that the plaintiff's counsel be authorized to enter judgment on the verdict against him, to be levied of the goods, etc. in his hands to be administered. Respondent excepted for the following reasons:

(1) Because it was illegal to admit in evidence the affidavits of movant, over objection of respondent on the grounds that they were simply *ex parte*, taken without notice to respondent, and with no opportunity by him to cross-question the witnesses; and that such testimony on such an issue was illegal.

(2) Because it was illegal for the judge to hear, try and decide the questions involved in the motion, and to decline to submit them to a jury as requested by respondent.

(3) Because the order and judgment were contrary to law, the evidence adduced, and strongly and decidedly against the weight of the evidence.

Weddington, administrator, vs. Huey.

J. S. JAMES and GEO. N. LESTER, for plaintiff in error.

THOS. W. LATHAM, *contra.*

BLANDFORD, Justice.

1. Under the facts of this case, we know of no law that authorized the court to make Weddington, Jr., a party thereto. The statute points out the way in which an administrator *de bonis non* may be made a party to a pending cause, upon the death or discharge of his predecessor, to-wit, by *scire facias.* We think the action of the court in making Weddington, Jr., as administrator, a party, in the way in which it was done in this case, was erroneous.

2. We are also of the opinion that the verdict against Weddington, Sr., as executor, was good, and that a judgment could have been entered up against him upon that verdict and would bind him, notwithstanding he was discharged as such executor prior to the verdict, there having been no suggestion or plea made by him to that effect. It seems that his counsel sat by and failed to disclose the fact of his discharge.

3. It may be that upon a subsequent suit brought against Weddington, Jr., as administrator, for an account and settlement of the matters of the estate in his hands, he would be bound by the verdict in the present case, and be estopped from denying that the estate is indebted to Huey the amount found by this verdict, he having been present in court assisting in the defence.

4. It appears to us that this was a case that suggested somewhat the exercise of the punitive power of the court below. Counsel ought not to have dealt with the court as they did in this case. And while it was within the discretion of the court to exercise this power, or not, as it saw proper, it seems to us that some application of that power would have a tendency to correct such abuses as appear in this case.

Judgment reversed.