WALDROP *et al. v.* NOLAN *et al.*

No. 13734. MAY 17, 1941.

*S. B. Wallace, Claude Christopher,* and *Joseph R. Cumming,* for plaintiffs in error.

*E. L. Reagan* and *Beck, Goodrich & Beck,* contra.

GRICE, Justice. ▮ The suit was filed in ·Spalding superior court. It is a proceeding in equity. The only defendants residing in Spalding County are certain persons who are alleged to be the heirs at law of Mrs. Emma B. Maddox, and W. E. Waldrop, who is alleged to be administrator of her estate. No affirmative relief is prayed against the heirs. In *First National Bank of Atlanta* v. *Holderness,* 189 *Ga.* 819 (7 S. E. 2d, 682), we ruled that a creditor asserting a claim against the estate .of a deceased person whose executor is a resident of Fulton County could not bring the suit in Carroll County by merely alleging that certain of the heirs and legatees resided in the latter county, when there was no allegation and no positive prayer which sought any material equitable relief against them. Complainants did not give the superior court of Spalding County jurisdiction by joining as defendants the heirs of the deceased residing in that county, without praying for some affirmative equitable relief against them.

▮ Nor did the superior court of Spalding County acquire jurisdiction because of the residence in said county of W. E. Waldrop, alleged in one paragraph of the petition to be the duly appointed and qualified administrator of the estate of Mrs. Maddox, but it affirmatively appearing in another part of the petition that as a result of a proceeding brought in the court of ordinary of Butts County, the county of his appointment, he was by the order of the ordinary of Butts County removed as said administrator, and J. L. Bailey was appointed administrator de bonis non in the place of W. E. Waldrop. There is nothing in the face of the petition in the present case to indicate any invalidity in such act of removal, or even irregularity. The court of ordinary being for such purpose a court of general jurisdiction, every presumption will be indulged in favor of the validity of its orders and judgments. Elsewhere it is alleged that on October 30, 1939, J. L. Bailey did in the court of ordinary of Butts County make the usual oath and gave bond as required of administrators. He is a resident of Butts ·County, and is joined as a defendant in the present suit. The only

relief prayed against W. E. Waldrop is against him in his capacity as administrator. Prayers (c) and (e) are as follows: "(c) That said W. E. Waldrop, administrator of said estate, and the said J. L. Bailey, a resident of Butts County, be restrained and enjoined from further acts of administration on the estate of the said Mrs. Emma B. Maddox, deceased. (e) That said administrator, W. E. Waldrop, be directed to surrender, deliver and turn over to said receiver all of said assets and property belonging to said estate, and that said administrator be required to make a report to this court of all of the property and assets received by him belonging to said estate, and all disbursements of all funds on the account of said estate." It has been held that when in the same suit liability is asserted against two persons residing in different counties, and no case is established as against the one residing in the county where the suit is brought, the court can grant no relief as to the non-resident defendant, because of the lack of jurisdiction. *Rounsaville* v. *McGinnis*, 93 *Ga.* 579 (21 S. E. 123) ; *Hamilton* v. *Dupree*, 111 *Ga.* 819 (35 S. E. 684) ; *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250) ; *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775). The mere fact of praying for an injunction against a defendant does not in all events confer the right to file the equitable petition in the county of his residence, and to draw to that county residents of other counties. *Railroad Commission* v. *Palmer Hardware Co.*, 124 *Ga.* 633, 640 (53 S. E. 193), and cit. It has also been held that where the petition in an equity case does not set forth a cause of action against the only defendant residing in the county in which the suit is brought, the court is without jurisdiction to grant the substantial relief prayed against a defendant residing in another county. *Glenn* v. *Cauthen*, 150 *Ga.* 784 (105 S. E. 365) ; *McClellan* v. *American Tie & Timber Co.*, 135 *Ga.* 370 (69 S. E. 486). So here it must be held, on demurrer, that the superior court of Spalding County has no jurisdiction, since the facts as pleaded by complainants do not show them to have a cause of action which can be enforced against W. E. Waldrop as administrator, he having been removed, and therefore no suit can lie against him in his representative capacity. No relief is sought against the other Spalding County defendants.

The suit was not maintainable, for another reason. Complainants set forth no facts to show that they have an enforceable

claim against the estate of Mrs. Maddox. No time is set forth at which the alleged personal services were rendered, or the nature thereof, except in the most general terms, or the agreement, if any, under which they were rendered; nor is a bill of particulars set forth. No attempt is made to state with definiteness and particularity the basis of the claims, but merely that they were for nurse services and housework performed for the deceased during the last years of her life. It is true that it is alleged suits were filed against the administrator "for the aforesaid services," and that the suits went to verdict and judgment, but it is also alleged that these verdicts were rendered on October 2, 1939, and elsewhere in the petition it is asserted that Waldrop was removed as administrator on October 4, 1938. A verdict and judgment against an administrator in his representative capacity, based on a claim against the estate, rendered after he had been removed from office, can not bind the estate, and so far as the estate is concerned they are mere nullity. *Groce* v. *Field,* 13 *Ga.* 24. See *Glisson* v. *Carter,* 28 *Ga.* 516; *Weddington* v. *Huey,* 80 *Ga.* 651 (6 S. E. 281); and compare *Tedlie* v. *Dill,* 3 *Ga.* 104; *Irwin* v. *Shuford,* 144 *Ga.* 532 (87 S. E. 674), and cit. As shown on the face of the petition, the judgments in favor of complainants were entered against Waldrop in his representative capacity after his removal, but before the qualification of an administrator de bonis non, and while sufficient assets remained in his hands to satisfy the judgments. It is the insistence of counsel for defendants in error that these judgments are binding upon the assets of the estate remaining in the hands of the former administrator. The argument in support of this contention is that the laws of Georgia in regard to the administration of estates are derived from the common law, subject to certain statutory changes; that at common law an administrator could be removed and an administrator de bonis non appointed, but the two were entirely independent of each other. The removed administrator was accountable to heirs and creditors only, and not to the administrator de bonis non. The administrator de bonis non could not be made a party to a pending suit against the removed administrator. A creditor could institute suit against a removed administrator, or prosecute a suit already filed against the removed administrator, to subject assets remaining in his hands. That was the only way such assets could be subjected. As supporting this

contention, counsel cite Skinner v. Frierson, 8 Ala. 915; Wilson v. Auld, 8 Ala. 842; Graves v. Flowers, 51 Ala. 402 (23 Am. R. 555) ; *Thomas* v. *Hardwick,* 1 *Ga.* 78.

We agree with counsel that, except as changed by statute, our probate law is that of the common law, meaning in this instance the ecclesiastical law, since that also came within our adopting act. *Beall* v. *Fox,* 4 *Ga.* 403, 425; *Finch* v. *Finch,* 14 *Ga.* 362; *Gaither* v. *Gaither,* 23 *Ga.* 521, 528; *Evans* v. *Arnold,* 52 *Ga.* 169, 179; *Peale* v. *Ware,* 131 *Ga.* 826, 829 (63 S. E. 581). We do not find it necessary to decide whether counsel's position is sustained by the English authorities, since we are satisfied that the conclusions sought to be established by counsel are not of force in this State. *Thomas* v. *Hardwick,* supra, was decided on a state of facts which arose before the act of 1845, hereinafter referred to. See, in this connection, *Broach* v. *Walker,* 2 *Ga.* 428; *Oglesby* v. *Gilmore,* 5 *Ga.* 56(5). In *Goodwynne* v. *Bellerby,* 116 *Ga.* 901, 904 (43 S. E. 275), it was said that the two cases last cited "were decided upon questions arising before the passage of the act of 1845 and the adoption of the Code, and were based upon what the court then thought was the common law. Since these decisions the Code has made quite an innovation with regard to the rights and powers of administrators de bonis non. Under the common law, if an administrator commenced an action and died, his successor could not be made a party to the action, but it abated. So an administrator de bonis non could not call his predecessor to an accounting for a devastavit. All this has been changed in this State by the Code. The administrator de bonis non may be made a party and continue a suit commenced by his predecessor, as was done in this case. He can also call his predecessor to an accounting for a devastavit. The true law is, and has been for a great many years, that if the assets are such that the money recovered would belong to the estate, then the administrator may sue thereon in his representative capacity, and in case of his death or removal the right to collect the assets would go to the administrator de bonis non." We quote also from the opinion in *Bailey* v. *McAlpin,* 122 *Ga.* 616, 627 (50 S. E. 388) : "At common law an administrator de bonis non could not call either his predecessor or the legal representative of his predecessor to an account for any property which the former representative had converted or wasted, nor could he claim or receive anything

but those goods, chattels, and credits which remained in specie and were capable of being identified as the property of his intestate. This was the law of Georgia prior to 1845. *Thomas* v. *Hardwick,* 1 *Ga.* 78; *Paschal* v. *Davis,* 3 *Ga.* 256; *Oglesby* v. *Gilmore,* 5 *Ga.* 56; *Gilbert* v. *Hardwick,* 11 *Ga.* 599. In 1845 an act was passed which made it the duty of a removed executor or administrator and the representatives of a deceased executor or administrator to account fully with the administrator de bonis non. Cobb's Dig. 335. It was held that under this act an administrator de bonis non might call a removed predecessor, or the representatives of a dead predecessor, to an account touching the entire administration of the estate, and a predecessor was liable to him as at common law he was liable to creditors and distributees. *Oglesby* v. *Gilmore,* 5 *Ga.* 56; *Hardwick* v. *Thomas,* 10 *Ga.* 266. It was also held that the right of an administrator de bonis non to call his predecessor to an account did not divest the right of distributees, legatees, and creditors, but was consistent with and not hostile to their interest, and was intended to be exercised for their benefit and advantage. *Shorter* v. *Hargroves,* 11 *Ga.* 658; *Knight* v. *Lasseter,* 16 *Ga.* 151." See also *Giles* v. *Brown,* 60 *Ga.* 658. We are not dealing with a case where distributees are suing a former administrator because he wasted and misapplied the assets, as in the case of *Shorter* v. *Hargroves,* 11 *Ga.* 659. If it be conceded that in such an instance creditors have the same right to sue as distributees, under the authority of *Bowers* v. *Grimes,* 45 *Ga.* 616, it is enough to say that in the instant case no effort is made to hold the former administrator personally liable for waste and mismanagement.

By an act approved December 27, 1845 (Acts 1845, p. 15) it was provided that "Whenever an executor or administrator may have been heretofore or may be hereafter removed, or depart this life, chargeable to the estate which he or she represented, it shall be the duty of such removed executor or administrator, or the representative of such deceased executor or administrator, to account fully with the administrator de bonis non who may be appointed to finish the administration of such estate." This is now embodied in the Code, § 113-2204. Another section (113-2107) provides that "The revocation of letters of administration shall not abate any suit pending for or against the administrator, but the administrator de bonis non shall be made a party in proper cases by scire facias.

as in case of the death of a party." Other Code provisions for the administrator de bonis non to be made a party in suits pending against administrators when the latter have been removed from their trust are §§ 3-411, and 3-502.

In view of the foregoing, which we think contemplates that the removed administrator's successor must be made a party before a case can proceed to judgment, we are unable to agree with counsel for defendants in error in their contention that *Thomas* v. *Hardwick*, supra, is authority for the proposition that the judgments against Waldrop, the removed administrator, are binding upon the assets of the estate. There is no effort in the present proceeding to assert any individual liability against him.

■ The defects in the petition above discussed are fatal, and were all reached by the demurrers. They contained other grounds besides those dealt with herein, but they need not be treated, since the foregoing rulings are controlling. It was error to overrule the demurrers; and since on the face of the petition the complainants have no case entitling them to any of the relief prayed for, it was likewise error to appoint a receiver.

*Judgment reversed. All the Justices concur.*