## ROUNSAVILLE & BROTHER *v.* McGINNIS.

1. Where in an action for the recovery of personal property judgment was rendered against the defendant and one who was ostensibly security upon his statutory bond given under section 3419 of the code, the court rendering judgment having jurisdiction of the case and the judgment being valid on its face, an execution duly issued thereon will protect the sheriff levying the same upon the property of the security, whether the bond was genuine or not. It follows that if the bond was forged the sheriff is not, by reason of making such a levy, a trespasser either separately or jointly with the plaintiffs in the execution. A suit for trespass brought in the county of the sheriff's residence against him and the plaintiffs in execution, the latter being residents of another county, is thus not maintainable in so far as the question of jurisdiction depends upon the defendants in the action being suable as joint trespassers.

2. Nor is jurisdiction over the non-resident defendants maintainable on the theory of a "pending proceeding," the levy of the execution and other ministerial acts to effect a sale not being a pending proceeding within the meaning of section 4183 of the code.

3. The joint action against the sheriff and the non-resident defendants for trespass being without merit as against the former, and without jurisdiction as against the latter, a prayer for injunction contained in the petition against proceeding with the levy should be denied, more especially as no suit whatever, either at law or in equity, is requisite to prevent the enforcement of the levy on the ground that the bond was a forgery as to the ostensible security. A mere affidavit of illegality would be available for that purpose, the security never having had his day in court on the question of forgery.

March 19, 1894. Argued at the last term.

Petition for injunction, etc. Before Judge MILNER. Bartow county. October 28, 1893.

IRWIN & BUNN, by brief, for plaintiffs in error.
JOHN W. AKIN, *contra.*

SIMMONS, Justice.

Houseal and Treadaway commenced a statutory action for the recovery of personal property against Sims & Auchmuty in Haralson county, and made the usual affidavit to hold to bail; the property was seized by the sheriff of that county, and a replevy bond was executed by defendants, and the name of McGinnis as surety was signed thereto by his son. Judgment was rendered against Sims & Auchmuty as principals, and against McGinnis as surety on the bond. Execution issued thereon, and was assigned by the plaintiffs to Rounsaville & Brother, of Floyd county, who had it levied upon land of McGinnis in Bartow county. McGinnis thereupon filed his petition for injunction in the latter county, against the sheriff of that county and Rounsaville & Brother, seeking to restrain the enforcement of the judgment and execution above alluded to, on the ground that he had never signed the bond upon which the judgment was founded, nor authorized his son to sign it, and had never heard of the case nor the bond until after the judgment was rendered. He prayed also for the recovery of damages against the sheriff and Rounsaville & Brother as joint trespassers. A restraining order was granted, and at the hearing the judge decided that the same be continued until the termination of the cause. The defendants excepted to this decision and to the refusal of the judge to hold that the superior court of Bartow county had no jurisdiction of the case, and to his not holding that the plaintiff had a complete and adequate remedy at law without the intervention of equity jurisdiction.

1. It appears from the record that the judgment against McGinnis upon the replevy bond was rendered by a court having jurisdiction of the case, and was valid upon its face. Code, §3419. This being so, the execution issuing from that judgment would protect the

sheriff in levying upon the property of McGinnis, one of the defendants in execution, whether the bond in question was genuine or not. It follows that the sheriff was not, by reason of making the levy complained of, a trespasser, either separately or jointly with the plaintiffs in execution. The sheriff not being a trespasser and the plaintiffs in execution not being residents of the county in which the sheriff resided, a suit for trespass against them in that county was not maintainable in so far as the question of jurisdiction depended upon their being suable as joint trespassers.

2. It was contended that jurisdiction over the non-resident defendants was maintainable upon the ground that the petition was filed to stay a "pending proceeding," within the meaning of section 4183 of the code, which declares: "All bills shall be filed in the county of the residence of one of the defendants, against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the bill may be filed in the county where the proceedings are pending, provided no relief is prayed as to matters not included in such litigation." Under this section, jurisdiction may be entertained against a non-resident of the county if the proceeding sought to be stayed is a suit instituted by him in a court of that county; but we do not think the levy of an execution and other ministerial acts to effect a sale are a pending proceeding within the meaning of this section.

The only cases we have found in which this court has held that a petition to restrain a levy could be maintained against a non-resident, are the cases of *Wright, comptroller-general*, v. *Southwestern Railroad Co.*, 64 *Ga.* 794, and *Mayo, sheriff*, v. *Renfroe*, 66 *Ga.* 408, which are clearly distinguishable from the case now under consideration. In the first of those cases the execution was for taxes due the State, and was issued by an officer of

the State in Fulton county, and levied by an officer of the State in Bibb county. The court held that there was equity in the bill, and as the State could not be sued, the bill might be filed in either county against either of these officers; and the wrong being about to be perpetrated in Bibb county by an officer residing in that county, the court of that county was the better entitled to the jurisdiction. In the other case referred to, the execution was issued by the governor of the State and levied by the sheriff of Washington county; and this court held that the superior court of that county had jurisdiction to enjoin the levy, because the sheriff resided in that county and nobody else could be sued, and the damage could be arrested only by restraining him. So it will be seen that jurisdiction was entertained in these cases upon their own peculiar facts, which are very different from the facts in the present case.

3. Having shown that the action was without merit as to the sheriff, and could not be maintained against the non-resident defendants for want of jurisdiction as against them, it follows that the prayer for injunction against proceeding with the levy should have been denied, more especially as no suit whatever, either at law or in equity, was necessary to prevent the enforcement of the levy on the ground that the bond was a forgery as to the ostensible surety. A mere affidavit of illegality would have been sufficient for that purpose, inasmuch as the surety had never had his day in court on the question of forgery.      *Judgment reversed.*