## HAMILTON v. DuPRE et al.

|111a 819|
|113 419|
|111 819.|
|Case 2|
|116 779|
|111 819|
|Case 1|
|117 881|

SIMMONS, C J. 1. Where one, acting through her attorneys, sued out a distress warrant against another and had it levied upon the goods of the latter, neither the plaintiff nor the attorneys nor the officer executing the warrant were liable in an action for malicious prosecution without proof of malice and of want of probable cause. *Porter* v. *Johnson*, 96 *Ga.* 145, and cases cited.

2. Where such action for malicious prosecution was brought against the plaintiff in the distress warrant in the county of her residence, and her attorneys and the officer executing the warrant, who were residents of another county, were made parties defendant; if the evidence showed that the principal defendant was not liable, the non-resident defendants could not be held liable in that action because of a want of jurisdiction as to them. : *Rounsaville* v. *McGinnis*, 93 *Ga.* 579.

3. There is no merit in a ground of a motion for a new trial complaining that the court failed to charge certain principles of law, unless it appears from the record that the principles omitted were controlling in the case and such as should have been given without request.

                    *Judgment affirmed. All the Justices concurring.*

Submitted March 14,— Decided April 9, 1900.

Action for damages.. Before Judge Gober. Cobb superior court. November term, 1898.

*C. D. Phillips, Mozley & Griffin*, and *D. S. Craig*, for plaintiff. *Clay & Blair* and *Dean & Hobbs*, for defendants.