## CENTRAL OF GEORGIA RAILWAY COMPANY v. BROWN.

1. A master is liable for the willful torts of his servant, committed in the course of the servant's employment, just as though the master had himself committed them. This rule applies as well where the master is a corporation as where he is a private individual.

2. A railroad company is liable as a trespasser to a passenger for an unjustifiable assault made upon him by the conductor of the train, the conductor being engaged in the company's business and in the conduct thereof making such assault ; and where the same is a joint act of the conductor and a person not a servant of the company, the company and such person are joint trespassers, and the courts of the county of the latter's residence have jurisdiction, under the provisions of paragraph 4 of section 16 of article 6 of the constitution of this State, to try and determine a joint suit against them, although such county is not the county in which the cause of action originated nor the county of the residence of the railroad company.

3. On the trial of a plea to the jurisdiction filed in such a case, it is not error to refuse to submit to the jury a contention that there is no liability on the part of the only defendant who resides in the county, and that the court is therefore without jurisdiction over the other defendant. The question of the liability of the resident defendant should be determined on the final trial of the case, at which trial no judgment can be properly taken against either defendant unless the resident defendant be held liable.

Argued February 6, — Decided May 22, 1901.

Action for damages. Before Judge Nottingham. City court of Macon. March 12, 1900.

*Hall & Wimberly* and *R. C. Jordan,* for plaintiff in error.
*Marmaduke G. Bayne,* contra.

SIMMONS, C. J. An action for damages was brought, in the city court of Macon (in Bibb county), by Julius Brown against Mc-Cowan and the Central of Georgia Railway Company. In the petition it was alleged that the plaintiff was a passenger on an excursion-train of the company, going from Savannah to Macon, Georgia; that on the trip the conductor, desiring to eject plaintiff from the car set aside for white persons, procured the assistance of McCowan; that a willful and unjustifiable assault and battery was committed upon him by McCowan with the acquiescence and assistance of the conductor; that they caused him to be arrested and imprisoned after the train reached Macon; that his arrest and imprisonment were unlawful and malicious; that McCowan was a resident of Bibb county, in which the suit was brought, and that the defendant company was a corporation of this State; that in the assault and

battery of plaintiff McCowan and the conductor acted jointly, and that the defendants were jointly liable to him in damages. The railroad company filed a plea to the jurisdiction, on the ground that the acts complained of were not committed in Bibb county but in the county of Washington, and that suit could be brought against the company, under the provisions of the Civil Code, § 2334, in that county only in which the cause of action originated, or, if it had no agent in that county, in the county of its residence. The issues made by the plea to the jurisdiction were tried apart from the main case. Evidence was introduced by both sides. From this evidence it appeared that the acts alleged to constitute an assault and battery were committed in Washington county. Evidence was also introduced upon the merits of the case, the defendant company seeking thereby to justify the acts of the conductor and those of McCowan; while the plaintiff's evidence tended to show that the assault was unwarranted and unjustifiable. After the close of the evidence the trial judge directed a verdict against the plea to the jurisdiction. To this the company excepted.

1, 2. It was argued that, under the Civil Code, § 2334, providing for the venue of suits against railroad companies, the courts of Bibb county were without jurisdiction in this case. Had the company alone been sued for acts committed in another county, it was admitted that this code section would be controlling; but counsel for the plaintiff contended that the court had jurisdiction under paragraph 4 of section 16 of article 6 of the constitution of this State. This constitutional provision (Civil Code, § 5872) is as follows: " Suits against joint obligors, joint promisors, copartners, or joint trespassers, residing in different counties, may be tried in either county." Whether this suit was properly brought must then depend upon whether McCowan and the railroad company were liable to the plaintiff, under the allegations of his petition, as " joint trespassers." Under those allegations both McCowan and the conductor were clearly liable in an action of trespass, and we must determine whether the company was liable for the acts of the conductor so as to make it answerable therefor in an action of like kind. One of the first questions which arises is whether a corporation can be sued in trespass. It is curious and interesting to read of the evolution of the doctrine that a corporation can be so sued. At an earlier period it was supposed that a corporation could not

commit a tort, and that no action sounding in tort would lie against it; that the corporation was created for lawful purposes, and had no power to do anything unlawful; and that whenever its servants, agents, or officers exceeded the charter authority by doing an unlawful act, they necessarily committed the act as individuals and not as representatives of the corporation.    Later cases entirely repudiated this doctrine, and it is now universally held that corporations may, in certain cases, be held liable in actions sounding in tort.    Among the older decisions will also be found instances in which courts have held that a corporation could in no instance be held guilty of a trespass, because the corporation had no arms with which to commit it, and could not beat or be beaten.    Another reason given for holding that a corporation could not be sued in trespass was that capias and exigent would not lie against it, as it had no body to be seized.    Modern decisions show that, while a corporation has itself no arms to commit a trespass, it has the right, and exercises it, to employ servants and agents whose acts are the acts of the corporation and who can and do commit trespass; and that the writs of capias and exigent are unknown to the law of this country.    The courts therefore hold that an action of trespass, as well as of trespass on the case, can and will lie against a corporation.    5 Thomp. Corp. § 6305; St. Louis R. Co. v. Dalby, 19 Ill. 353; Whiteman v. Railroad Co., 2 Harr. 514, 33 Am. Dec. 411; Ramsden v. Railroad Co., 104 Mass. 117, 6 Am. Rep. 200; Eastern Counties Ry. Co. v. Broom, 6 Exch. R. 314.

The result of these cases is to settle definitely the proposition that a corporation is answerable for the torts of its servants in the same cases and in the same manner and form of action in which other masters are liable for the torts of their servants.    Taylor, Priv. Corp. (4th ed.) § 335.    Some of the courts seem at one time to have been inclined to hold that a master could not be held liable for the willful torts of his servant, because, it was said, if the servant through anger or malice committed an assault upon a person, he ceased for the time being to occupy the position of servant, and acted independently; that, inasmuch as he was not authorized to commit an assault, he did not represent the master in that act but acted as an individual, the master therefore being not liable either in case or in trespass.    This argument has long since been exploded. The theory that one may be a servant one minute, and, the very

next minute, get angry, commit an assault, and in that act be not a servant, was too refined a distinction. I have read a great deal upon the subject, and believe that the law has been definitely settled contrary to this fine-spun theory, and that the courts have settled down to the common-sense doctrine that a master is liable for the torts of his servant, committed in the course of the servant's employment, even though the tort be a willful one. 34 Am. Law Reg. (n. s. vol. 2) 120. In many, probably in a large majority, of the instances in which masters have been held liable for the torts of their servants, the liability has been made to rest upon the negligence of the servant and the negligence of the master in employing a careless servant or upon the master's negligent failure of duty. In such cases the master is held to be liable in an action on the case. But it is also held that the master may, in certain cases where liable for the tort of his servant, be held answerable in an action of trespass vi et armis. The master is liable in trespass for the willful torts of his servant, committed in the course of the servant's employment and in and about the master's business. Our Civil Code, § 3817, provides that "every person shall be liable for torts committed by his . . servant by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." In the case of Eastern Counties Ry. Co. v. Broom, supra, it was said (p. 325): "We are all clearly of opinion . . that an action of trespass for assault and battery will lie against a corporation, whenever the corporation can authorize the act done and it is done by their authority." And in a Massachusetts case we find the following: "Where a master employs a servant to do an act which involves the use of force against the person or property of another, and the servant, in the course of his employment, uses force in a manner or to an extent unlawful and unjustifiable, both are answerable as trespassers." Holmes v. Wakefield, 12 Allen, 580. See also Moore v. Fitchburg Railroad, 4 Gray, 465, 64 Am. Dec. 83; Hewett v. Swift, 3 Allen, 420; Howe v. Newmarch, 12 Allen, 55; St. Louis Ry. Co. v. Dalby, 19 Ill. 353; 6 Thomp. Corp. § 7394.

The courts have not all been clear as to whether the master and servant can be sued jointly in trespass for the tort of the servant. The doubt has been as to whether, under the common-law pleading, the master was not liable in trespass on the case and the serv-

ant liable in trespass, so that the two could not be joined in the same action.     Under our more rational system of code pleading we have abolished the distinction between trespass and trespass on the case, and there is no reason why the two should not be joined in one action.     If the plaintiff has a cause of action against one person, all he now has to do is to state it plainly and distinctly; if he has a cause of action against two, he is required to do no more. If both the master and the servant are liable for the same willful tort of the servant, why, under our system of code pleading, should they not be joined in the same action, although at common law one would be liable in case and the other in trespass?     But, however this may be, it is contended that the constitutional provision relied upon to give the right to sue the railroad company in the county of McCowan's residence applies only to "joint trespassers," and that the master and servant are not "joint trespassers" if one is liable in case and the other in trespass.     Conceding this to be true, we think that in the present case the railway company, the conductor, and McCowan were all joint trespassers and all jointly or severally liable in an action of trespass vi et armis at common law.     This must follow logically from what has been said above to show that in a case like the present the corporation is liable in trespass for the willful tort of its servant done in and about the master's business and in the course of the servant's employment.     This view is supported by courts whose decisions are entitled to the highest respect and consideration, and by eminent text-writers.     In Moore *v.* Fitchburg Railroad, supra, it was said: "There is no difficulty in joining the corporation with their servant in the same action."     In Hewett *v.* Swift, supra, it was held that, "where the corporation gives an order to a servant to do an act which implies the use of force and personal violence to others, if the servant in the execution of that service goes beyond the proper limits as to the use of force, and commits a trespass by unjustifiable violence, and inflicts an injury by a blow or kick upon the person attempted to be removed, the corporation will be liable in an action of trespass therefor;" and that "a joint action would lie against the corporation and their servant."     This decision was followed in Holmes *v.* Wakefield, supra.     See also Brokaw *v.* Railroad, 32 N. J. L. 328, wherein it was held that an action of trespass for an assault and battery would lie jointly against an individual and a corporation whose

servant participated in it; Favorite *v.* Cottrill, 62 Mo. App. 119; Ullman *v.* Railroad, 67 Mo. 118; Wright *v.* Compton, 53 Ind. 337; 5 Thomp. Corp. §§ 6288, 6289; Cooley, Torts (2d ed.), 138 (*120); Wood, Master & Serv. 586 et seq.; Dicey, Parties (2d Am. ed.), 490 (m. p. 466). These authorities show that a master and servant may be jointly sued in trespass for a willful and affirmative wrong committed by the servant within the scope of his employment. This is upon the theory that in trespass all are principals and the act of one the act of all. If, in the present case, the company and its servant, the conductor, could have been joined, we see no reason why the company could not be, upon the same principle, joined with the third person who participated with the conductor in committing the trespass. The conductor was joint trespasser with the company and with such third person, and it must follow that the third person and the company were also joint trespassers. If the conductor of a railroad-train undertakes without justification to eject a passenger, and another passenger, voluntarily or at the request of the conductor, joins in the illegal act and thereby commits an assault, the assisting passenger, the conductor, and the company are all principals, and there can be no reason why all can not be sued in one and the same action. If the conductor, who represented the company, and McCowan were joint trespassers, then under the constitutional provision stated above the action would lie in the county of the residence of either, and the suit was properly brought in Bibb county wherein one of the defendants resided.

3. In trying the plea to the jurisdiction of the court it was not proper to go into the merits of the case. The railroad company sought to show that McCowan was not liable to the plaintiff, and that the courts of Bibb county had, therefore, no jurisdiction of the company. We think that this is a matter for determination on the final trial of the case. Of course, if it should appear upon that trial that McCowan, the resident defendant, was not liable in this action, there could be no judgment against either him or the railroad company. *Hamilton* v. *DuPre,* 111 *Ga.* 819.

*Judgment affirmed. All the Justices concurring.*