### WARREN *et al. v.* RUSHING.

HILL, J. 1. Suit was brought against three persons jointly, to recover damages on account of alleged false imprisonment of the plaintiff, the residence of the defendants being stated in the petition. The venue was laid in a county in which only one of the defendants resided. On the trial a verdict was rendered only against the two defendants who resided out of the county, and a judgment was entered on this verdict. A motion was made to arrest the judgment, on the ground, among others, that, the jury having found in favor of the resident defendant, the verdict and judgment against the non-resident defendants was illegal and void. *Held,* that the court should have sustained the motion. In such an action the liability of the resident defendant is properly determined on the final trial; and where on such trial no liability is

established against him, no valid judgment can be rendered against the non-resident defendants, for want of jurisdiction. *Central of Georgia Ry. Co.* v. *Brown*, 113 *Ga.* 414 (3), 419 (38 S. E. 989, 84 Am. St. R. 250); *Lee* v. *West*, 47 *Ga.* 311 (2); *Hamilton* v. *DuPre*, 111 *Ga.* 819 (2) (35 S. E. 684); *Rounsaville* v. *McGinnis*, 93 *Ga.* 579 (31 S. E. 123).

2. The ruling in the present case is distinguishable from the decision in *Saffold* v. *Evans*, 136 *Ga.* 375 (71 S. E. 663). The action there was not similar to that now being considered. The decision held that the court did not err in refusing to set aside the judgment attacked. Involved in the case was the question, among others, whether the court had jurisdiction to render a judgment against certain defendants residing out of the county where suit was brought, after the resident defendants had been dismissed from the case on demurrer. No contest respecting the jurisdiction of the court was made at the time the judgment on demurrer was rendered. The answer of the non-resident defendants (who did not demur) remained in the case, and several terms later a judgment was taken against these . defendants. Under the circumstances there involved, there was a waiver of the right afterward to challenge the jurisdiction. In the instant case the lack of jurisdiction did not become apparent until it had been determined by the verdict itself that there was no resident defendant who was jointly liable, and the attack was on the verdict and judgment for that reason. *Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 18, 1916.

Motion to arrest judgment. Before Judge Charlton. Chatham superior court. August 20, 1914.

*Hardwick & Wright* and *Osborne & Lawrence,* for plaintiffs in error. *H. P. Cobb* and *W. R. Hewlett,* contra.