20695.    METCALF *v.* HALE.

DECIDED DECEMBER 19, 1930.

*W. A. Covington,* for plaintiff in error.

*J. C. & J. Wightman Bowden,* contra.

BLOODWORTH, J.    Mrs. Alice Hale brought suit in the city court of Atlanta against Georgia Power Company and John A. Metcalf, and alleged: that she, through her agent C. M. McIntyre Sr., contracted with Metcalf for the purchase from him of about thirty acres of land; that after plaintiff contracted for the sale of said land the defendant Metcalf conveyed to defendant Georgia Power Company the right to erect a transmission line through and over said land; that this was a fraudulent scheme between the defendants to injure and damage plaintiff; that soon after plaintiff's agent moved on said land as a tenant of plaintiff to prepare said land for farming, the Georgia Power Company, through employees and servants, began to erect the transmission line over and through plaintiff's land; that in so doing it cut down valuable timber and

forest on said land, thereby damaging plaintiff in the sum of $600; and that it went upon said land with large trucks, mules, and wagons while said land was drenched with heavy rains, made large holes and ruts in the most fertile soil of said land, covering about five acres, rendered the land non-productive, and thus damaged plaintiff to the extent of $500; making a total damage of $1100. By amendment plaintiff alleged that defendant Metcalf was a non-resident, and prayed that second original issue; which amendment was allowed.

Defendant Metcalf answered that he told plaintiff's agent, C. M. McIntyre Sr., that an easement was granted to the Georgia Power Company for the purpose of erecting a transmission line across said property, and that the same was included in and made a part of the deed executed by defendant and delivered to plaintiff's agent. The Georgia Power Company in its answer admitted being a corporation and denied all the other allegations of the petition. On motion of plaintiff's counsel the court ordered that the Georgia Power Company be stricken from the case as a defendant. The trial resulted in a verdict of $600 in favor of the plaintiff, and defendant Metcalf made a motion for a new trial, which was overruled.

The bill of exceptions assigns error on exceptions pendente lite complaining that the court erred in overruling Metcalf's motion to dismiss the suit for lack of jurisdiction as to him after the resident defendant, Georgia Power Company, was stricken from the case; and also assigns error on the overruling of the motion for a new trial. The bill of exceptions recites that "When the case came up for trial, the court, on motion of the plaintiff, ordered the case dismissed as to the Georgia Power Company, and the trial proceeded against the defendant John A. Metcalf. After a jury had been selected, and after the plaintiff had introduced evidence and rested her case, the defendant Metcalf moved to dismiss the suit as against him, for the reason that, after it had been dismissed as to the Georgia Power Company, the record showed the court to be without jurisdiction as to the defendant John A. Metcalf."

In *Maddox* v. *Brooks*, 17 *Ga. App.* 644 (87 S. E. 911), this court held that after the resident defendant is dismissed, "the other defendant may still, *prior to verdict* (italics ours), raise by demurrer the question of lack of jurisdiction, if his nonresidence appears on

the face of the plaintiff's pleadings, or, if it does not so appear, may raise the question by plea; and this is true notwithstanding he may previously have filed a plea to the merits at a time when his defense of lack of jurisdiction would not have been well taken. Any other rule would open the door to easy evasion of the constitutional provision that, except in the enumerated cases, the venue of all suits is in the county of the defendant's residence." In that case the non-resident defendant was guilty of a greater degree of negligence or laches than in the instant case, for in the instant case the defendant made the motion to dismiss the same day the case was called for trial, and after plaintiff's evidence only was introduced; while in that case the defendant waited until the following day, after both sides had introduced evidence, and the court had practically finished charging the jury; and yet the action of the defendant in that case was held to be in time. The principle announced in that case is controlling in this. If there was no waiver of jurisdiction in that case there was certainly none in the instant case. It is a coincidence that in both that case and this case the plaintiff was a woman, both resident defendants were from Fulton county, both nonresident defendants were from DeKalb county; in each case it was the plaintiff who voluntarily dismissed the resident defendant, and in each case the motion as to jurisdiction was made after the case had proceeded at length with only the nonresident defendant, and was based on the same state of facts, viz. the lack of jurisdiction of the nonresident defendant because of the previous striking of the resident defendant.

In *Ross* v. *Battle,* 117 *Ga.* 880 (45 S. E. 252), the Supreme Court said: "It is now well settled law in this State that where suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the nonresident defendant *unless the resident codefendant is liable in the action."* In the case under consideration the resident defendant, Georgia Power Company, having been dismissed from the case by the plaintiff, is admittedly not liable in the action, and, therefore, under the above decision, the court would have no jurisdiction of the nonresident defendant Metcalf. See also *Lester* v. *Mathews,* 56 *Ga.* 656; *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775), and cit. In the case last cited a motion in arrest of judgment was made, and the Supreme Court held that where the resident defendant is not liable,

"no valid judgment can be rendered against the nonresident defendants, for want of jurisdiction." If a motion in arrest of judgment made by the nonresident defendant would lie on the ground that the resident defendant was not liable, then a fortiori a motion to dismiss made on the same ground by the nonresident defendant before the case went to judgment would lie. The plaintiff admitted that the resident defendant was not liable, by voluntarily dismissing it from the case.

Since the court erred in overruling the nonresident defendant's motion to dismiss the petition, the ensuing proceedings were nugatory, and it is not necessary to pass upon the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*