24148. PEAKE, administrator, *v.* STOVALL *et al.*

DECIDED FEBRUARY 8, 1935.
REHEARING DENIED FEBRUARY 21, MARCH 3, 1935.

*E. H. George,* for plaintiff.

*Bryan, Middlebrooks & Carter, C. S. Baldwin Jr., A. F. Jenkins,* for defendants.

SUTTON, J. Mrs. Fitzsimmons, who resided in Atlanta, Georgia, rented to Stovall a building owned by her in Madison, Morgan county, Georgia. He subrented a room in it to Peak's employer, to be used as a garage. Peake was injured by a heavy door of this building falling upon him while he was using this room in the course of his employment and for the purposes for which it was rented by his employer. He brought suit in Morgan county against Stovall and against Mrs. Fitzsimmons, she being served in Fulton county with a second original of this suit. Plaintiff alleged that the defendants were joint tort-feasors, and that she was injured by reason of the defective condition of the rented premises, because the door and door-facings were in a state of disrepair, having old bricks in the same that would not hold nails from the door facings, that both defendants knew thereof, having been notified, that they attempted to repair such condition, but failed to remedy the defects, and that the plaintiff did not know of such defective and dangerous condition of the premises. Both defendants answered and denied liability, but the defendant landlord, prior to filing her answer, interposed her plea to the jurisdiction, setting up that Morgan superior court had no jurisdiction of her, but that the courts of Fulton county had jurisdiction. The plea to the jurisdiction was tried along with the main case and submitted to the jury at the same time. The jury returned a general verdict in favor of both defendants, the form of the verdict being "We find in favor of both defendants." The plaintiff's motion for new trial was overruled, and she excepted. The plaintiff having died pending the trial, his administrator was made a party plaintiff in his place and proceeded.

1. Where both the landlord and the tenant are charged with being negligent by one who alleges that he has been injured by reason of their joint acts, a joint action will lie against both defendants, and where the landlord does not reside in the county in which the injury occurred and the tenant resides there, the suit may be brought in the county of the residence of the tenant, and the landlord may be served with a second original of the suit, as provided in the Code of 1933, § 81-215 (Code of 1910, § 5567); *Brigham* v. *Slappey*, 33 *Ga.* 309; *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250); *Flowers Inc.* v. *Chamblee*, 165 *Ga.* 703 (141 S. E. 907); Howard *v.* Central Amusement Co., 224 Mass. 344 (112 N. E. 857, 7 A. L. R. 195).

2. "It is now well settled law in this State that where suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the nonresident defendant, unless the resident defendant is liable in the action." *Metcalfe* v. *Hale,* 42 *Ga. App.* 402 (156 S. E. 301) ; *Norris* v. *State Highway Dept.,* 42 *Ga. App.* 699 (157 S. E. 382).

3. The trial judge erred in charging the jury in effect that if the resident defendant was not liable to the plaintiff, this would be an end to their investigation, and the form of their verdict would be, "We, the jury, find for the defendants." The court should have instructed the jury that in the event they found under the evidence that the resident defendant was not liable, their finding should be in favor of this defendant and in favor of the plea to the jurisdiction of the nonresident defendant, unless they should also determine that the nonresident defendant, Mrs. Fitzsimmons, was not liable; in which event their finding should be a general one in favor of both defendants. Under the facts of this case, the plaintiff having sued two defendants as joint tort-feasors, one of them being a resident and the other a nonresident, and the nonresident having filed a plea to the jurisdiction, the trial judge should have instructed the jury as above indicated with reference to the plea to the jurisdiction. The judge did not submit this issue or principle in his charge to the jury, and it was error to fail to do so, as above stated.

4. The charge of the court as to the contentions of the plaintiff was substantially correct. The instruction, in effect, that the defendants would have to be joint tort-feasors as to the particular negligence charged before the jury could find the nonresident defendant, Mrs. Fitzsimmons, liable, was not erroneous, under the facts of this case.

5. The court did not err in charging the jury that "ordinary care and diligence is that care which every prudent man takes of his own property of a similar nature, and if a person had exercised ordinary care and diligence in taking care of his property, as every prudent man, and if any person is injured under those circumstances, the person would not be responsible under the law."

6. Grounds of a motion for a new trial dealing with the testimony of the defendant Stovall as to the answer originally filed, but later withdrawn, will not be considered by this court, not having

598

been approved by the trial judge. The same is true of the ground dealing with the charge of the court as to the original answer and the new, amended or substituted answer of the defendant. *Johnson* v. *Calhoun*, 174 *Ga.* 667 (163 S. E. 740).

7. The trial judge erred in overruling the plaintiff's motion for a new trial. As we grant a new trial because of the error of the court in the charge to the jury, which was excepted to by the plaintiff in error, no ruling is made upon the sufficiency of the evidence.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*