28720.   DAUGHERTY v. SUMMERALL et al.

Decided March 14, 1941.   Rehearing denied March 26, 1941.

Lee S. Purdom, for plaintiff.

Memory & Memory, Wilson, Bennett, Pedrick & Bennett, for defendants.

STEPHENS, P. J. (After stating the foregoing facts.) Where two defendants, one a resident of the county in which the suit is filed, and the other a non-resident of the county, are sued jointly as tort-feasors, the court has jurisdiction of both, including jurisdiction of the non-resident defendant, if both are in fact joint tort-feasors. If, however, there is no liability against the resident defendant, he is necessarily not a joint tort-feasor with the non-resident defendant; and the court, as respects the person of the non-resident defendant, has no jurisdiction. Peake v. Stovall, 50 Ga. App. 595, 597 (179 S. E. 287), and cit.; Davis v. Waycross Coca-Cola Bottling Co., 60 Ga. App. 390 (3 S. E. 2d, 863). The question for determination is, did the petition set out a cause of action as to Summerall, the resident defendant? The plaintiff seeks to hold Summerall jointly liable with the bottling company, on the ground that Summerall was the plaintiff's employer, and that the plaintiff had been employed for a short time only, and was not aware of the fact that there was any danger incident to handling a bottle of coca-cola, in that it was charged with carbonic gas, which is explosive; that when a bottle was filled with coca-cola syrup and charged with carbonic gas it was likely to explode; that Summerall knew this and should have advised and warned the plaintiff thereof; and therefore that Summerall was liable to the plaintiff for injuries sustained while he was handling a bottle of coca-cola in making a sale thereof. It is contended that Summerall failed to furnish to the plaintiff a safe place to work, and permitted him to work with a latently dangerous appliance, without warning him of the dangers incident thereto, all of which Summerall knew or in the exercise of proper care should have known. It was charged that Summerall was under a duty to warn the plaintiff of the dangers incident to handling bottles of coca-cola, and to instruct him as to the proper method of handling them.

The Code defines the duty of a master to his servant as follows: "The master is bound to exercise ordinary care . . in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto." § 66-301. However, "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed" by § 66-301, "in order that the servant may recover it must appear that the master knew or ought to have known . . of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." § 66-303. It does not appear from the petition that Summerall had any knowledge as to the particular bottle of coca-cola, whether it was overcharged with gas or defective in any way. He, along with the plaintiff, possessed the general knowledge of most men that coca-cola is a beverage charged with some kind of gas. It does not appear from the petition that any instructions or warning which Summerall might have given to the plaintiff could have prevented the bottle from exploding when he picked it up from the ice box to serve to a customer. The plaintiff assumed the ordinary risks of his employment; and as a clerk in an establishment that sold soft drinks, including bottled coca-cola, he assumed the risk of any danger which might be incident to handling bottled soft drinks in their sale. It does not appear that he did not have equal means with Summerall relatively to ascertaining any alleged defect in the particular bottle of coca-cola which might be likely to cause it to explode. It does not appear that Summerall knew that the company had overcharged this particular bottle with carbonic gas, so that it was likely to explode; and it does not appear that he knew that this bottle of coca-cola was any different from the ordinary and usual bottles. It does not appear that Summerall had any knowledge that this bottle was not sufficient to stand the amount of carbonic gas with which it was charged by the bottling company. Summerall was under no

duty to ascertain these facts. The alleged defects were latent. Nothing appears to have put him on notice that the bottle might have been defective as alleged. Negligence on the part of a retail dealer in soft drinks, including bottled coca-cola, will not be inferred from the mere fact that a bottle of coca-cola exploded while the clerk was endeavoring to extract such bottle from the cooler containing bottled soft drinks, where it appears that such bottled drink was purchased from an established manufacturer thereof. See Noonan v. Great Atlantic & Pacific Tea Co., 104 N. J. L. 136 (139 Atl. 9, 56 A. L. R. 590, 593, notes). In that case the bottled soft drink exploded as it was being delivered to a customer by the clerk of the retail dealer. The court said that the bottle of drink involved was not the product of the retail dealer, and that it did not appear that the dealer did anything in connection therewith that he should not have done, or that he omitted to do anything that he should have done.

This case is not based on the duty of the vendor of an article dangerous in its nature, or likely to become dangerous in the course of ordinary usage to be contemplated by the vendor, either to exercise due care to warn users of the danger, or to take reasonable care to prevent the article sold from proving dangerous when subjected only to customary usage. It does not appear from the petition that a bottle of coca-cola is necessarily and ordinarily dangerous. Any alleged negligence of the company in so bottling the coca-cola is not chargeable to the plaintiff's employer. The petition did not allege a cause of action as to the resident defendant; and the judge did not err in sustaining the general demurrers and dismissing the action as to both defendants.

*Judgment affirmed. Sutton and Felton, JJ., concur.*