FOWLER *et al. v.* SOUTHERN AIRLINES INC. *et al.*

No. 13809.   September 9, 1941.   Rehearing denied October 14, 1941.

*C. B. McCullar,* for plaintiffs.  *Sibley & Allen,* for defendants.
ATKINSON, Presiding Justice.  ■  For the proposition stated in the first headnote the cases of *Bird* v. *Trapnell,* 147 *Ga.* 50 (92 S.

E. 872), and *Babson* v. *McEachin,* 147 *Ga.* 143 (93 S. E. 292), are directly in point, and it requires no further discussion.

■  The ruling in the second headnote is controlled by the cases of *Wright* v. *Trammell,* 176 *Ga.* 84 (166 S. E. 866), and cit., and *Kinney* v. *Crow,* 186 *Ga.* 851 (2-a) (199 S. E. 198), and does not need to be elaborated.

■  The petition states that the application for charter for the defendant Southern Airlines Inc. was filed on March 1, 1937, in Fulton superior court, and that it was chartered by the superior court of Fulton County, Georgia.  It is also averred that it has its present office in Baldwin County, and that its officers reside and have their offices and business places of the corporation in Baldwin County, and further that its main business is performed therein. The charter itself is not set forth, nor the date when granted. There is no averment that its charter specifies where its principal office is to be located, or that its corporate domicile is in Baldwin County.  It is averred that "this corporation is subject to the jurisdiction of this court," which is but a legal conclusion, with no facts on which to base the same except those heretofore recited. Its charter was granted before January 28, 1938, the date of the approval of the corporation act of 1938 (Ga. Laws Ex. Sess. 1937-8, p. 214 et seq.).  That act provides that the application for charter shall be presented to the judge of the superior court of the county in which the principal office of the corporation is to be located. The previous law (Code § 22-302) did not in express terms require that the application should be filed in the county where the principal office was to be located, but was in the following language: "The persons desiring the charter shall file in the office of the clerk of the superior court of the county in which they desire to transact business, a petition or declaration, specifying the object of their association, and the particular business they propose to carry on, together with their corporate name, and the amount of capital to be employed by them actually paid in, and their place of doing business, and the time, not exceeding 20 years, for which they desire to be incorporated."

The location of the office wherein are conducted the management and control of the corporate affairs proper, and where its stockholders meet for that purpose, is usually the domicile of the corporation, even though its officers reside elsewhere and the work

necessary to effectuate the purposes of the corporation is carried on at an entirely different place. Compare *Jossey* v. *Georgia & Alabama Ry. Co.*, 102 *Ga.* 706 (28 S. E. 273) ; *McCandless* v. *Inland Acid Co.*, 115 *Ga.* 968, 977 (42 S. E. 449) ; *McClellan* v. *American Tie & Timber Co.*, 135 *Ga.* 370 (69 S. E. 486) ; *U. S. Fidelity & Guaranty Co.* v. *Lawrence*, 184 *Ga.* 83, 85 (190 S. E. 346) ; *Georgia Fire Insurance Co.* v. *Cedartown*, 134 *Ga.* 87, 92 (67 S. E. 410, 19 Ann. Cas. 954), and cit. Pleadings are to be construed most strongly against the pleader. It must be held that it is not made to appear that the corporate defendant is a resident of Baldwin County.

The specific relief sought against the resident defendant alone is contained in prayers (h) and (i), both of which are copied in the statement of facts which precedes this opinion. The one praying that he be enjoined from disposing of his own personal property can not be granted, first, because no necessity for this is shown in order to protect the plaintiffs; second, the petition sets forth no facts justifying a suit against him "for any damages that he may have already caused;" and third, the plaintiffs are not lien creditors, and set forth no reason why there should not be applied the principle stated in the Code, § 55-106, as follows: "Creditors without lien may not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." The petition contains no recital of facts which would justify any of the relief prayed against him in the other specific prayer. Not even the nature of what the pleader terms the obnoxious conversation with the public about the officers of the corporation is given. The allegation of merely the "accosting" of petitioners or their attorneys is not sufficient, nor is that part of the prayer that he be enjoined from making any further threats or otherwise injuring the corporation or others connected with it. There is no allegation, except in the most general terms, that he ever threatened to injure the corporation. It is alleged that "The many false statements being made by Romberger is tending to cause the public to lose confidence in the corporation," but not a single statement is set forth. The only basis for the prayer that he be enjoined from "making any further threats" is the allegation that "he has been making a lot of threats as to physical violence that he was going to attempt upon one of the petitioners and his attorney."

The prayer is, not that he be enjoined from executing these threats of physical violence, but from "making any further threats." It is not alleged that he ever attempted to execute the threats already made; it is not alleged whether these threats were recent or in time remote, the circumstances under which they were made, or of what the threat consisted; and it is not even averred that petitioners have reason to believe that he will make any further threats. In *Jones* v. *Ezell,* 134 *Ga.* 553 (68 S. E. 303), quoted approvingly in *Harper* v. *Lindsey,* 162 *Ga.* 44, 47 (132 S. E. 639), where the statement about to be quoted was referred to as a general rule on the subject, it was remarked: "General and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue." In *Callan Court Co.* v. *Citizens & Southern Bank,* 184 *Ga.* 87, 126 (190 S. E. 831), it was observed: "The demurrer admits to be true only properly pleaded allegations. It does not admit opinions or conclusions of the pleader. Code, § 81-304; *Southern Ry. Co.* v. *Covenia,* 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312) ; *Brown* v. *Massachusetts Mills,* 7 *Ga. App.* 642 (67 S. E. 832)." The general rule on this subject was again referred to and applied in *Marlin* v. *Hill,* 192 *Ga.* 434 (15 S. E. 2d, 473, 477), where other authorities are cited. Referring to so much of the petition as relates to the defendant Romberger, it is not intended to deal with a declaration which imperfectly states a cause of action, or which fails to describe a transaction with sufficient particularity or certainty, or which does not fully inform the defendant as to an essential ingredient of the case in order to fix liability on him, or which has other merely structural defects which should be attacked, if at all, by special demurrer; but the court is dealing with a petition which is lacking in any statement of facts sufficient to justify the grant of any of the relief prayed for. A characterization of the conduct of the defendant can not serve as a statement of facts. The pleader must set forth what the conduct consisted of. When charges are made, the pleading should disclose the foundation on which they are made. "The use of epithets, however bountifully multiplied, will not supply the place of facts." *Tolbert* v. *Caledonian Insurance Co.,* 101 *Ga.* 741, 746 (28 S. E. 991).

It was not contemplated by the framers of the constitution,

in fixing the venue of equity suits, that non-residents could be made to litigate in one county issues between them and the plaintiffs solely on account of the joinder of a resident defendant against whom there was a prayer for equitable relief. The mere fact of praying for an injunction against a defendant does not in all events confer the right to file the equitable petition in the county of his residence, or to draw to that county residents of other counties. *Railroad Commission* v. *Palmer Hardware Co.*, 124 *Ga.* 633 (53 S. E. 193) ; *First National Bank of Atlanta* v. *Holderness*, 189 *Ga.* 819 (7 S. E. 2d, 682). A prayer can not fix the character of a suit. *Hirsch* v. *Northwestern Mutual Life Insurance Co.*, 191 *Ga.* 524 (13 S. E. 2d, 165). In order to confer on the court of a particular county jurisdiction to hear and determine an issue between the plaintiff and a non-resident defendant it is essential that the plaintiff present a case showing grounds for the equitable relief sought against the resident defendant. It has frequently been held that where a non-resident is sued jointly with a resident in the county of the latter's residence, and on the trial the proof shows that the plaintiff is not entitled to recover against the resident defendant, the court, in that suit, can grant no relief against the non-resident defendant. *Rounsaville* v. *McGinnis*, 93 *Ga.* 579 (21 S. E. 123) ; *Hamilton* v. *DuPre*, 111 *Ga.* 819 (2) (35 S. E. 684) ; *Central of Georgia Ry. Co.* v. *Brown*, 113 *Ga.* 414 (3) (38 S. E. 989, 84 Am. St. R. 250) ; *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775). The principle underlying the rule announced in the cases just cited supports the proposition that if the petition itself sets out no case for equitable relief against the sole resident defendant, it should not be retained as a suit against the non-resident defendants. In *Mackall* v. *West*, 67 *Ga.* 278, 281, in delivering the opinion of this court in affirming the action of the trial court in denying relief to a plaintiff against non-resident defendants, Chief Justice Jackson used the following language: "and if distinct and separate relief be asked against the different defendants on distinct claims and different grounds, and if the only beneficial effect to him [the plaintiff] seems from the general countenance of the bill to be to draw defendants against whom substantial relief is prayed out of their county by connecting with them, on vague allegations, others against whom, to say the least, no specific relief could well be had from the facts alleged, we must affirm the judgment, and.

leave him to his remedies at law." See *Fourth National Bank of Columbus* v. *Mooty*, 143 Ga. 137 (84 S. E. 546) ; *Bird* v. *Trapnell*, 147 Ga. 50 (supra) ; *Parker* v. *Parker*, 148 Ga. 196 (96 S. E. 211) ; *Wilson* v. *Ward*, 149 Ga. 325 (100 S. E. 205) ; and particularly the case of *Sayer* v. *Bennett*, 159 Ga. 369 (125 S. E. 855), where it was ruled that "A separate and distinct equitable cause of action against the resident defendant will not give the superior court of the county of his residence jurisdiction of a non-resident against whom the plaintiff has another, independent, separate and distinct equitable cause of action." It accordingly must be held that the petition stated no such case against the sole resident defendant as will give the court of the county of his residence jurisdiction of the non-resident defendants.

■ The ruling announced in the sixth headnote logically follows upon application of the preceding rulings.

■ It was not error to sustain the general demurrer of the resident defendant, and to dismiss the action.

*Judgment affirmed. All the Justices concur, except Duckworth, J., disqualified.*