30936, 30939. EVANS *et al. v.* GARRETT *et al.;* and *vice versa.*

DECIDED SEPTEMBER 27, 1945.

T. *Elton Drake, J. G. Roberts,* for plaintiffs in error.
*Sam J. Welsch, Gordon B. Gann,* contra.

BROYLES, C. J. (After stating the foregoing facts.) It is well-settled law, by numerous and repeated decisions of the Supreme Court and this court, that, where a single suit is brought against several joint tort-feasors in a county where one of them is a resident, and where the others reside in another county of the State, and, where on the trial of the case, the resident defendant is found not liable by the jury, and the non-resident defendants are found liable, the judge is without jurisdiction to enter judgment against the non-resident defendants. *Lester* v. *Mathews,* 56 *Ga.* 656; *Rounsaville* v. *McGinnis,* 93 *Ga.* 579 (21 S. E. 123); *Hamilton* v. *DuPre,* 111 *Ga.* 819 (35 S. E. 684); *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250); *Ross* v. *Battle,* 117 *Ga.* 877, 880 (45 S. E. 252); *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775); *Christian* v. *Terry,* 36 *Ga. App.* 815 (138 S. E. 244); *Turner* v. *Shackleford,* 39 *Ga. App.* 49 (145 S. E. 913); *Metcalf* v. *Hale,* 42 *Ga. App.* 402 (156 S. E. 301); *Samples* v. *Shaw,* 47 *Ga. App.* 337 (170 S. E. 389); *Daugherty* v. *Summerall,* 64 *Ga. App.* 638 (13 S. E. 2d, 705).

The defendant in error, however, contends that the non-resident defendants waived their right to question the court's jurisdiction, because: (1) They filed a plea to the jurisdiction and did not insist upon it; (2) they filed a demurrer to the petition, which was overruled, and no exception was taken to that judgment; and (3) because of various acts of commission and omission in their conduct during the trial of the case.

The plea to the jurisdiction when filed was premature, because the lack of jurisdiction did not become apparent until it had been determined by the verdict itself that the resident defendant was not liable. *Warren* v. *Rushing* (supra, p. 613). "In such an action the liability of the resident defendant is properly determined on the final trial; and, where on such trial no liability is established against him, no valid judgment can be rendered against the non-resident defendants, for want of jurisdiction." *Warren* v. *Rushing,* supra; *Central of Ga. Ry. Co.* v. *Brown,* supra; *Hamilton* v. *DuPre,* supra.

Did the non-resident defendants waive jurisdiction because they filed a demurrer to the petition and had it passed upon by the court? We think not. In their demurrer they *expressly* reserved their right to insist upon the plea to the jurisdiction, and in their answer they again *expressly* reserved all their rights under said plea. The plea to the jurisdiction was not, as is done in some cases, tried along with the main case and submitted to the jury, but remained quiescent and filed in the case and ready to be insisted upon if the jury should find the resident defendant not liable.

Upon the hearing of the motion in arrest of judgment, the defendant in error filed a lengthy, verified response thereto, in which he alleged that the movants, because of various acts of commission and omission in their conduct during the trial (which acts were set forth in the response), had waived their right to insist, after the verdict and judgment, that the court had no jurisdiction over them. In our opinion there was nothing in the record authorizing the court to find that the movants had for any reason ever waived their right to insist upon their plea. We hold that the overruling of the motion to arrest the judgment was error, and that the court properly overruled the demurrer to that motion.

*Judgment reversed on the main bill of exceptions; and affirmed on the cross-bill. MacIntyre and Gardner, JJ., concur.*