18487. CHITTY *et al.* v. JONES *et al.*

DUCKWORTH, Chief Justice. 1. Suits against joint tortfeasors may be brought in the county of the residence of either. Code (Ann.) § 2-4904; Code § 3-204. But in order to maintain a suit against a nonresident it is essential that a cause of action be alleged and proven against the resident defendant. *Rounsaville* v. *McGinnis*, 93 *Ga.* 579 (21 S. E. 123); *Hamilton* v. *Dupre*, 111 *Ga.* 819 (2) (35 S. E. 684); *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414 (3) (38 S. E. 989); *Warren* v. *Rushing*, 144 *Ga.* 612 (1) (87 S. E. 775); *Fowler* v. *Southern Airlines*, 192 *Ga.* 845, 851 (16 S. E. 2d 897); *Ryner* v. *Duke*, 205 *Ga.* 280 (3), 284 (53 S. E. 2d 362).

2. In order to allege a cause of action against joint defendants because of negligent installation of a furnace which caused an explosion resulting in the injuries alleged, it is essential that the work of each be specifically alleged, showing their respective neglect and its part in causing the injury. These requisites are not supplied by implications arising from the fact that no others participated in the installation where, as here, there is nothing to show that the explosion was not the result of a defect in the furnace itself or that other agencies did not cause it.

3. This petition as amended shows affirmatively that the two defendants which allegedly are responsible for the injuries sued for—because of improperly installing the furnace, the explosion of which caused the injuries—worked at different times, the resident defendant never touching it after the nonresident defendant, at the request of the petitioners, began its work thereon, thus making it impossible to see what each did or its relation, if any, to the explosion, and the petition fails to allege a cause of action against either. It follows that the court did not err in sustaining the demurrers to such petition.

4. In *King Hardware Co.* v. *Ennis*, 39 *Ga. App.* 355 (147 S. E. 119), relied upon by the petitioners, the cause of the explosion was alleged to be the defect that allowed gas to accumulate in the oven. That case does not apply here, where the petition is completely silent as to what caused the explosion.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 8, 1954—DECIDED MARCH 8, 1954.

*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for plaintiffs in error.

*J. O. Gibson, Gibson & DeLoache, Geo. A. Horkan, Jr., Horkan & Peters,* contra.