19223.   RICHARDS & ASSOCIATES, INC. *v.* STUDSTILL
*et al.*

Argued February 13, 1956—Decided April 9, 1956—
Rehearing denied May 16, 1956.

*Nelson & Nelson, Carl K. Nelson,* for plaintiff in error.

*Martin, Snow & Grant, Will Ed Smith, Cubbedge Snow,* contra.

Candler, Justice.   Mrs. Studstill instituted a suit for damages in the Superior Court of Dodge County against Mrs. Sybil Liggin and Richards & Associates, Inc.   Briefly, her one-count petition alleges:   The defendant Mrs. Liggin resides in Dodge County, and the defendant Richards & Associates, Inc., has its principal office and place of business in Carroll County, Georgia. The plaintiff, while riding as a guest passenger in the defendant Mrs. Liggin's automobile, was injured when it collided with another automobile at the intersection of Church Street and Academy Avenue in the City of Dublin, Georgia.   Church Street runs north and south and is intersected by Academy Avenue, which runs east and west, the latter being a boulevard or through street.   At the time of the collision, the defendant

Mrs. Liggin was driving her automobile south on Church Street at a speed of thirty-five miles per hour in an area of the city where the speed limit is fixed by ordinance at fifteen miles per hour. She was not looking ahead but to the side and toward a passenger in her automobile, with whom she was talking. She negligently failed to notice the heavy traffic on Academy Avenue. She did not stop or reduce her speed at the intersection of the streets, and collided with an automobile being driven west on Academy Avenue by Roy Taylor. In consequence of the collision, the plaintiff sustained specified permanent injuries. Shortly before the plaintiff was injured, the defendant Richards & Associates, Inc., while laying a gas-pipe line along Church Street, took down a street sign at the intersection of the aforementioned streets, which notified those traveling on Church Street to stop at the intersection, and in replacing it negligently reversed the "stop" signal so as to indicate that Church Street, and not Academy Avenue, was the through street. Following this, the petition alleges: Had the defendant Richards & Associates, Inc., replaced the stop sign in its original position, the defendant Mrs. Liggin would have seen the stop signal from 150 to 200 feet from the intersection of the streets, and would have had her automobile under control, and would have stopped it before entering the intersection. The petition was not demurred to by the defendant Mrs. Liggin, but the defendant Richards & Associates, Inc., demurred to it on the ground that it failed to state a cause of action for the relief sought. The demurrer was overruled and the demurrant sued out a writ of error to the Court of Appeals. The judgment thus complained of was affirmed. *Richards & Associates, Inc.* v. *Studstill*, 92 *Ga. App.* 853 (90 S. E. 2d 56). The case came to this court on certiorari to the Court of Appeals.

■ The defendant in certiorari has made a motion to dismiss the writ, on the grounds that the petition therefor contains no sufficient assignment of error and presents no question of public gravity and importance. The motion is not meritorious. In the petition to this court for the writ, error on the judgment complained of is properly assigned, and the ruling made by the Court of Appeals is in irreconcilable conflict with prior unanimous rulings by that court and by this court. Hence the writ was not

improvidently granted, and the motion to dismiss it is denied. See *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590, 592 (37 S. E. 2d 774).

2. By our Constitution of 1945, joint tortfeasors residing in different counties of this State may be sued together in the county of either. Code (Ann.) § 2-4904. But, in order to maintain a suit against a nonresident, it is essential that a cause of action be alleged and proven against the resident defendant. *Mackall* v. *West*, 67 *Ga.* 278; *Rounsaville* v. *McGinnis*, 93 *Ga.* 579 (21 S. E. 123); *Hamilton* v. *DuPre*, 111 *Ga.* 819 (35 S. E. 684); *Warren* v. *Rushin*, 144 *Ga.* 612 (1) (87 S. E. 775); *Fowler* v. *Southern Airlines*, 192 *Ga.* 845 (16 S. E. 2d 897); *Chitty* v. *Jones*, 210 *Ga.* 439 (80 S. E. 2d 694); *Schwarcz* v. *Charlton County*, 211 *Ga.* 923 (89 S. E. 2d 881); and the cases there cited. Any other rule would open the door to easy evasion of the constitutional provision that, except in the enumerated cases, the venue of all civil actions is in the county of the defendant's residence.

■ This suit was brought against the defendants as joint tortfeasors and, under the constitutional provision which permits an exception to the general rule that one must be sued in the county of his residence. Properly construed, does the petition allege facts which are sufficient to show that the defendants are in fact joint tortfeasors? We do not think so. It contains allegations which are sufficient to show that the plaintiff's injury resulted from the concurrent negligence of the two defendants. It also contains allegations which clearly absolve the defendant Mrs. Liggin from any fault respecting the collision that caused the plaintiff's injury. Thus, one version of her petition shows the defendants to be joint tortfeasors, and the other one shows they are not. One alleges a cause of action against the defendants as joint tortfeasors, and the other alleges no cause of action against the defendant Mrs. Liggin. And when a plaintiff pleads his case in the alternative, one version of which is good and the other not, his petition will on demurrer be treated as pleading no more than the latter, since it will be construed most strongly against him. *Baggett* v. *Edwards*, 126 *Ga.* 463 (55 S. E. 250); *Doyal* v. *Russell*, 183 *Ga.* 518 (189 S. E. 32); *Consolidated Distributors* v. *City of Atlanta*, 193 *Ga.* 853, 858 (20

S. E. 2d 421); *Saliba* v. *Saliba*, 201 *Ga.* 577, 583 (40 S. E. 2d 511), and citations; *Gregory* v. *Taylor*, 84 *Ga. App.* 717 (67 S. E. 2d 192); *Eubanks* v. *Akridge*, 91 *Ga. App.* 243 (85 S. E. 2d 502). In *Doyal* v. *Russell*, supra, (p. 534) the court ruled: "Where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad." Applying this rule in the instant case, it must be held that the petition shows on its face that the defendants are not liable to the plaintiff as joint tortfeasors. Hence, as to the nonresident defendant Richards & Associates, Inc., the petition alleges no cause of action which, under the venue provision of the Constitution of this State, can be maintained against that defendant in the Superior Court of Dodge County, and its general demurrer should have been sustained; but our decision is confined solely to the question of jurisdiction, and does not determine the plaintiff's right to maintain a suitable action against the demurrant in the proper county.

It follows from what has been held above that the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*