### 42934. BYRD v. MOORE FORD COMPANY.

Jordan, Presiding Judge. The plaintiff in the lower court appeals from an order setting aside a default judgment in the Civil Court of Fulton County against a corporate defendant from Polk County, Moore Ford Company, which he joined with a corporate defendant in Fulton County, Ford Motor Company, seeking to recover the purchase price of an automobile, less hire while in his possession, which he alleges he returned to Moore Ford Company as being unsatisfactory and not meeting the terms of the sale under various representations and warranties. *Held:*

1. (a) As the order setting aside the default judgment, if rendered as claimed by the plaintiff-appellant, would have been final in establishing the liability of the appellee, Moore Ford Company, it is appealable notwithstanding the fact that there was no final adjudication of the case in the lower court. *Code Ann.* § 6-701(a)2. The failure of the appellant to include a statement of the jurisdiction of this court at the conclusion of his enumeration of errors, in disregard of Rule

13(c) of this court, also affords no basis for dismissal. See *Myers v. Johnson*, 113 Ga. App. 648 (1) (149 SE2d 378). The motion to dismiss is denied.

(b) Moreover, although the appellant did not designate and serve the Ford Motor Company as an appellee, although it is a defendant in the case in the lower court, the order appealed from is one involving Moore Ford Company, designated as the sole appellee, and we do not consider the Ford Motor Company as an essential party on appeal for application of the mandate under the Appellate Practice Act that, "All parties to the proceedings in the lower court shall be parties on appeal, and shall be served with a copy of the notice of appeal." *Code Ann.* § 6-802. In any event this court is empowered to require service or certain other action, if necessary, so as to consider an appeal on its merits. See *Code Ann.* § 6-809.

(c) The plaintiff-appellant includes in his amended petition a prayer for rescission of an executed contract of sale of an automobile, but he filed the petition in a tribunal without equity jurisdiction, and shows a claim which, if meritorious, requires no equitable relief. Viewing the petition as a whole he shows that he has already unilaterally rescinded or canceled the contract (see Uniform Commercial Code-Sales, *Code Ann.* § 109A-2—106 (4)) by returning the automobile to the seller-dealer on account of the alleged breach of the seller and the manufacturer in providing a vehicle meeting the terms of the sale, including warranties, and he measures his damages in terms of a return of the purchase price less the value of the hire of the vehicle while in his possession. See *Code Ann.* § 109A-2—711. Cf. under former law, *Brown v. Moore*, 103 Ga. App. 111 (118 SE2d 591). The action is one in law within the jurisdiction of this court on appeal.

2. There are six enumerated errors, but all are based on the action of the trial court in setting aside the default judgment against Moore Ford Company for the purchase price of the vehicle less hire while in possession of the plaintiff, and present for determination the controlling issue of whether a default judgment is valid against a corporate defendant from Polk County, Moore Ford Company, over which the Civil Court of Fulton County was exercising jurisdiction solely because this defendant was joined with a corporate defendant in Fulton County, the Ford Motor Company. It is clear

from the record that the transaction forming the basis for this action took place in Polk County, the location of the domestic corporate defendant-appellee. The Constitution provides, with certain exceptions, for the trial of a civil action in the county where the defendant resides. *Code Ann.* § 2-4906. See *Code* § 3-201. It recognizes as an exception an action against joint obligors or promissors and others residing in different counties. *Code Ann.* § 2-4904. See *Code* § 3-204. In general in respect to domestic corporations an action ex contractu may be enforced in the county where the contract is made or to be performed, and an action ex delicto may be enforced in the county where the cause originated. *Code* § 22-1102. But a court otherwise without jurisdiction over a domestic corporation may acquire jurisdiction by virtue of that court having jurisdiction of a joint defendant. *A. K. Adams & Co. v. Douglas-Coffee County Hospital Authority,* 209 Ga. 62 (70 SE2d 730). Numerous decisions of the Supreme Court and of this court either directly or by implication support the principle that where a court acquires jurisdiction over a defendant solely because the court has jurisdiction over a joint defendant, as stated in the *Adams* case, supra, the exercise of such jurisdiction so as to enter a final judgment against such a defendant requires a determination of liability against the defendant over which it is exercising primary jurisdiction. See *Chitty v. Jones,* 210 Ga. 439 (80 SE2d 694) and cases cited therein; *Christian v. Terry,* 36 Ga. App. 815 (138 SE 244); *Metcalf v. Hale,* 42 Ga. App. 402 (156 SE 301); *Peake v. Stovall,* 50 Ga. App. 595 (179 SE 287); *Daugherty v. Summerall,* 64 Ga. App. 638 (13 SE2d 705); *Evans v. Garrett,* 72 Ga. App. 846 (35 SE2d 387); *Quinton v. American Thread Co.,* 74 Ga. App. 436 (40 SE2d 95); *Blanchard v. Posey,* 81 Ga. App. 631 (59 SE2d 530); *Walker v. Whittle,* 83 Ga. App. 445 (3) (64 SE2d 87); *Fogarty v. Hartley,* 89 Ga. App. 437 (1d) (79 SE2d 409); *Scoggins v. Hill,* 90 Ga. App. 283 (2) (82 SE2d 739); *Selman v. Davis,* 94 Ga. App. 450 (95 SE2d 44); *Webb v. Wright,* 103 Ga. App. 776 (120 SE2d 806); *Woods v. Universal C.I.T. Credit Corp.,* 110 Ga. App. 394 (8) (138 SE2d 593); *Charles S. Martin Dist. Co. v. Roberts,* 111 Ga. App. 653 (143 SE2d 11). In the *Selman* case, supra, this court found no error in instructions to the effect that as to a defendant in default residing in another county the plaintiff could not recover with-

out a finding of liability against the resident defendant. Whether the Ford Motor Company is liable remains to be determined in the lower court and is not in issue before this court. It necessarily follows that the trial court in this case had no jurisdiction to enter a final judgment against the Moore Ford Company, even if this defendant were in default, absent a determination of liability of the resident defendant, Ford Motor Company, and it was not error to set aside such a judgment. See *Code* §§ 110-701—110-703, 110-707—110-709.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED JUNE 30, 1967—DECIDED SEPTEMBER 7, 1967.

*Preston L. Holland*, for appellant.

*Marson G. Dunaway, Jr.*, for appellee.